Griffin, P.J.
 

 Plaintiffs appeal as of right from an order entered by the trial court denying their motion for mediation sanctions under MCR 2.403(0). We affirm. In so doing, we hold that in adjusting a verdict for purposes of MCR 2.403(O)(3), the term “assessable costs” set forth therein includes only those costs taxable in a civil action incurred from the filing of the complaint to the date of mediation; “assessable costs” do not encompass postmediation costs or attorney fees.
 

 i
 

 This is a third-party automobile negligence action arising from a collision between vehicles driven by
 
 *492
 
 plaintiff William Dessart and defendant Lynn Burak that left Dessart with a neck injury and associated shoulder and arm pain. In 1999, a mediation panel evaluated the case at $120,000. Plaintiffs, husband and wife, accepted the evaluation, but defendants
 
 [1]
 
 rejected it. The case then proceeded to trial, and the jury awarded plaintiffs past noneconomic damages totaling $100,000.
 
 [2]
 

 On November 7, 2000, after entry of judgment, plaintiffs filed a motion for mediation sanctions under MCR 2.403.
 
 [3]
 
 That rule provides in pertinent part:
 

 (0) Rejecting Party’s Liability for Costs.
 

 (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party’s
 
 actual costs
 
 unless the verdict is more favorable to the rejecting party than the case evaluation. . . .
 

 (3) For the purpose of subrule (0)(1), a verdict must be adjusted by adding to it
 
 assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation
 
 .... After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. . . .
 

 
 *493
 
 (6) For the purpose of this rule,
 
 actual costs
 
 are
 

 (a) those costs taxable in any civil action, and
 

 (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation. [Emphasis added.]
 

 In the instant case, the parties agree that plaintiffs are entitled to mediation sanctions pursuant to MCR 2.403(0) if the adjusted verdict exceeds $108,000. The parties disagree, however, regarding the computation of the adjusted verdict under MCR 2.403(O)(3); specifically, the scope of “assessable costs” is contested in this case.
 

 n
 

 Relying on
 
 Beach v State Farm Mut Automobile Ins
 
 Co, 216 Mich App 612; 550 NW2d 580 (1996), plaintiffs argued to the trial court that “assessable costs” should include statutory taxable costs from the date the complaint was filed through verdict and reasonable attorney fees from the date of mediation through verdict necessitated by defendants’ rejection of the mediation award. Plaintiffs in essence contended that the terms “assessable costs” and “actual costs” contained in MCR 2.403(0) are synonymous. Defendants, on the other hand, maintained that under the plain language of MCR 2.403(O)(3), “assessable costs” should include only those taxable costs incurred from the date the complaint was filed
 
 *494
 
 through the time of the mediation evaluation.
 
 [4]
 
 The trial court agreed with defendants and declined to follow
 
 Beach.
 
 The court determined that “assessable costs” for the purpose of adjusting the verdict pursuant to MCR 2.403(C)(3) include only taxable costs from the date the complaint is filed to the date of the mediation award, as well as interest for the same period. Because this computation resulted in an adjusted verdict less than $108,000, the trial court denied plaintiffs’ request for mediation sanctions.
 

 On appeal, plaintiffs reiterate their argument made to the trial court and contend that in light of this Court’s decisions in
 
 Beach, supra,
 
 and
 
 Grow v WA Thomas Co,
 
 236 Mich App 696, 718-719; 601 NW2d 426 (1999), the trial court erred as a matter of law in refusing to award mediation sanctions. We disagree.
 

 m
 

 We review de novo a trial court’s decision to grant or deny a motion for mediation sanctions.
 
 Cheron, Inc v Don Jones, Inc,
 
 244 Mich App 212, 218; 625 NW2d 93 (2000);
 
 Meyer v Center Line,
 
 242 Mich App 560, 577; 619 NW2d 182 (2000). Further, interpretation of a court rule, like matters of statutory interpretation, presents a question of law that is reviewed de novo on appeal.
 
 Marketos v American Employers Ins Co,
 
 465 Mich 407, 413; 633 NW2d 371 (2001).
 

 In
 
 Beach, supra
 
 at 626, this Court vacated a mediation award in light of other errors in determining taxable costs and interest and remanded the case with
 
 *495
 
 the following instructions to the trial court when recalculating the adjusted verdict for purposes of MCR 2.403(0):
 

 The mediation panel unanimously awarded $17,573.75 in plaintiffs favor on October 14, 1993.
 
 Assuming that plaintiff raised, the same issues at mediation and at trial, the court should add to the $17,500 jury verdict all assessable costs, including costs taxable in a civil action and a reasonable attorney fee incurred from the date of mediation,
 
 as well as any interest on the verdict amount from the date the complaint was filed to the date of the mediation evaluation, in order to determine whether plaintiff improved his position at trial by more than ten percent, i.e., plaintiff received more than $19,331.12. MCR 2.403(O)(3), (6). If so, plaintiff is entitled to his actual costs, including attorney fees, pursuant to MCR 2.403(0). [Emphasis added.]
 

 In
 
 Grow, supra
 
 at 718-719, this Court expressed its approval of a similar calculation, taking into account the assessable costs for the entire action rather than to the date of the mediation evaluation:
 

 In light of our holding, we find moot defendant’s alternative argument that, pursuant to MCR 2.403(O)(3), the “adjusted verdict” was more favorable to defendants than the mediation evaluation. We note briefly, however, that
 
 the trial court properly interpreted this subrule, and added to the verdict all assessable costs, including attorney fees, rather than only those costs for the period between the filing of the complaint and the date of the mediation evaluation.
 
 See
 
 Dale v Beta-C, Inc,
 
 227 Mich App 57, 69; 574 NW2d 697 (1997) (“[I]t is a general rule of statutory, as well as grammatical, construction that a modifying clause is confined to the last antecedent unless a contrary intention appears.”). [Emphasis added.]
 

 We acknowledge that in both
 
 Beach
 
 and
 
 Grow
 
 this Court construed “assessable costs” in a broad manner
 
 *496
 
 to include postmediation costs and attorney fees. However, we decline to adopt the rationale of these cases for several reasons. First, in both cases, the statements regarding assessable costs are merely obiter dicta
 
 [5]
 
 and, therefore, do not constitute binding precedent under MCR 7.215(I)(1). The
 
 Grow
 
 Court noted that this “alternative argument” was moot in light of its disposition of other issues in the case. Likewise, the
 
 Beach
 
 Court’s conclusion in this regard was based on certain contingencies (“[assuming that plaintiff raised the same issues at mediation and at trial . . . .”
 
 [Beach, supra
 
 at 626]) and was not essential to the disposition of the case. “It is a well settled rule that obiter dicta lacks the force of an adjudication and is not binding under the principle of stare decisis.”
 
 People v Borchard-Ruhland,
 
 460 Mich 278, 286, n 4; 597 NW2d 1 (1999). See also
 
 Edelberg v Leco Corp,
 
 236 Mich App 177, 183; 599 NW2d 785 (1999).
 

 Further,
 
 Beach
 
 can be distinguished from the present action because it entailed a first-party no-fault insurance claim in which attorney fees can, under certain circumstances, be an element of a plaintiff’s damages. See
 
 Beach, supra
 
 at 628; MCL 500.3148(1). Thus, the propriety of attorney fees in the context of a verdict adjustment is unique to
 
 Beach-,
 
 in assessing the mediation evaluation, a court in such circumstances could examine whether an attorney fee was an intrinsic part of the proposed worth of the case.
 

 
 *497
 
 In any event, we ultimately conclude that plaintiffs’ interpretation of “assessable costs,” based on the cited portions of the
 
 Beach
 
 and
 
 Grow
 
 cases, contradicts the underlying purpose of the court rule. “The rules governing the interpretation of statutes apply with equal force to the interpretation of court rules.”
 
 Yudashkin v Holden,
 
 247 Mich App 642, 649; 637 NW2d 257 (2001). “A court rule should be construed in accordance with the ordinary and approved usage of the language.”
 
 St George Greek Orthodox Church v Laupmanis Associates, PC,
 
 204 Mich App 278, 282; 514 NW2d 516 (1994). “It should also be construed in light of its purpose and the object to be accomplished by its operation.”
 
 Id.
 

 At the time of the mediation evaluation in this case, MCR 2.403(O)(3) provided, in pertinent part, that a verdict “must be adjusted by adding to it
 
 assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation.”
 
 (Emphasis added.)
 
 [6]
 
 Although the
 
 Grow
 
 Court accurately noted the well-established principle of statutory construction that a modifying clause or phrase will be construed to modify only the last antecedent unless a contrary intention appears,
 
 [7]
 
 and thereby interpreted the phrase “from the filing of the complaint to the date of the mediation evaluation” as modifying only “interest on the amount of the verdict” and not “assessable costs,” we conclude that such a reading of the court rule skews its dominant purpose.
 

 
 *498
 
 MCR 2.403(O)(3) does not expressly or impliedly allow for the inclusion of postmediation costs or any attorney fees, for reasons that are well founded. The overall purpose of the mediation rule is to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases.
 
 Neal v Neal,
 
 219 Mich App 490, 493; 557 NW2d-133 (1996);
 
 Detroit v Kallow Corp,
 
 195 Mich App 227, 230; 489 NW2d 500 (1992). The sanction provision of the rule places the burden of litigation costs on the party who demands a trial by rejecting a proposed mediation award.
 
 Id.
 
 However, as noted above, the purpose of the mediation sanction provisions is not to act as a punitive measure but rather is intended to foster settlement. In order to do so, a trial court must review the mediation evaluation in light of the circumstances that existed at the time of the mediation itself. If, as plaintiffs propose, postmediation litigation costs and attorney fees are included in the amount of the adjusted verdict, the risk of going to trial would be minimized, thereby undermining the court rule’s purpose of discouraging litigation.
 

 Plaintiffs’ suggested interpretation of MCR 2.403(O)(3) defies its underpinnings. As authors Dean and Longhofer note in their commentary in Michigan Court Rules Practice (4th ed), 2001 pocket part, § 2403.20, p 34, the
 
 Grow
 
 Court’s interpretation of MCR 2.403(O)(3)
 

 creates an artificial distinction between the adjustment for interest and the adjustment for costs, and runs contrary to the evident purpose of the adjustment, i.e., to permit an “apples-to-apples” comparison between the verdict and the mediation evaluation.
 

 
 *499
 
 We therefore hold that in determining the propriety of sanctions pursuant to MCR 2.403(O)(3), if a party has rejected a mediation award and the case proceeds to trial, the verdict must be adjusted by adding to it “assessable costs,” not “actual costs,” incurred from the filing of the action to the date of the mediation evaluation, as well as interest for the same period. Only after this calculation is made and it is determined that sanctions are appropriate under the ten percent calculation of subrule 0(3) is the payment of “actual costs,” as defined in subrule 0(6), implicated.
 

 Applying these principles to the present case, we conclude that the trial court did not err in denying plaintiffs’ motion for mediation sanctions. In adjusting the verdict, the court calculated “assessable costs” and interest for the appropriate period—from the filing of the action to the date of the mediation evaluation. Because plaintiffs have not reached the threshold level of an adjusted verdict of $108,000, they are not entitled to sanctions under MCR 2.403(O)(3).
 

 Affirmed.
 

 [1]
 

 Lynn Burak’s husband, Bryan Burak, owned the vehicle that she was driving with his permission at the time of the accident.
 

 [2]
 

 The jury awarded $75,000 to plaintiff William Dessart and $25,000 to plaintiff Sheila Dessart.
 

 [3]
 

 Effective August 1, 2000, the procedure prescribed in MCR 2.403 was renamed “case evaluation.” “Mediation” is now specifically defined by MCR 2.411(A)(2) as facilitative mediation in which a neutral third party attempts to bring the litigants together and reach a settlement. Because this case involves a mediation evaluation under the process before the 2000 amendment of MCR 2.403, this opinion refers to the term “mediation” in its preamendment sense.
 

 [4]
 

 Both parties agree that pursuant to MCR 2.403(0)(3), interest is assessable only from the date of the filing of the complaint to the date of mediation.
 

 [5]
 

 In
 
 People v Higuera,
 
 244 Mich App 429, 437; 625 NW2d 444 (2001), this Court noted that “Black’s Law Dictionary defines obiter dictum as ‘[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive).’ ”
 

 [6]
 

 As amended effective August 1, 2000, the term “case evaluation” has been substituted for “mediation evaluation.”
 

 [7]
 

 See
 
 Dale, supra
 
 at 69;
 
 Sun Valley Foods Co v Ward,
 
 460 Mich 230, 237; 596 NW2d 119 (1999).