**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 5, 2004**

WILLIAM C. DESSART, and
SHIELA A. DESSART,

    Plaintiffs-Appellants,

v                                              No. 122238

LYNN MARIE BURAK, and
BRYAN R. BURAK,

    Defendants-Appellees.

_____

**MEMORANDUM OPINION**

    Plaintiff argued that he was entitled to mediation sanctions under MCR 2.403 in his third-party negligence action. His claim for sanctions under MCR 2.403 requires a determination whether "assessable costs" include attorney fees and whether assessable costs are calculated from the filing of the complaint to the rendering of the verdict. The Court of Appeals answered both questions in the negative. We affirm.

## I. Procedural Background

Plaintiff William Dessart and defendant Lynn Burak were involved in an automobile collision. Plaintiff and his wife filed a third-party negligence action for injuries plaintiff sustained in that accident. Before trial, a mediation panel[1] evaluated the case at $120,000. Plaintiffs accepted the evaluation, but defendants rejected it. Following a jury trial, plaintiff was awarded $100,000 in damages. The circuit court denied plaintiffs' motion for mediation sanctions under MCR 2.403, concluding that the adjusted verdict was "more favorable" to the defendants as defined in MCR 2.403. The circuit court also rejected plaintiffs' argument that "actual costs" under MCR 2.403 includes attorney fees. The Court of Appeals affirmed the decision of the circuit court. 252 Mich App 490; 652 NW2d 669 (2002).

## II. Analysis

The proper interpretation of a court rule is a question of law and is subject to review de novo. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

---

[1] The procedure under MCR 2.403 formerly known as "mediation" was renamed "case evaluation" effective August 1, 2000. This change did not effect any substantive change in the rule.

At the time the parties mediated this case, MCR 2.403 provided, in part:

> (O) Rejecting Party's Liability for Costs.
>
> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's *actual costs* unless the verdict is more favorable to the rejecting party than the mediation evaluation . . . .
>
> * * *
>
> (3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it *assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation* . . . . After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. . . .
>
> * * *
>
> (6) For the purpose of this rule, *actual costs* are
>
> (a) those costs taxable in any civil action, and
>
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation. [Emphasis added.]

In their motion for mediation sanctions under this rule, plaintiffs argued that the adjusted verdict exceeded $108,000 (which is "more than 10 percent below the evaluation" of $120,000) and, accordingly, was not "more

3

favorable to defendants" under MCR 2.403(O)(3). As such, plaintiffs contended that they were entitled to mediation sanctions under MCR 2.403(O)(1). Defendants responded that plaintiffs miscalculated the adjusted verdict in two ways: first, by including "assessable costs" from the filing of the complaint to the *verdict* rather than from the filing of the complaint to the *case evaluation* and, second, by including attorney fees in "assessable costs." The circuit court denied plaintiffs' motion for sanctions, agreeing with defendants that "assessable costs" are limited to taxable costs incurred from the date the complaint is filed until the date of case evaluation and do not include attorney fees.

In affirming the decision of the circuit court, the Court of Appeals panel acknowledged that in *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612; 550 NW2d 580 (1996), and *Grow v W A Thomas Co*, 236 Mich App 696; 601 NW2d 426 (1999), the term "assessable costs" in the court rule was interpreted broadly to include postmediation costs and attorney fees. The panel held, however, that those cases were not controlling because their discussions of assessable costs were obiter dicta. The panel also noted that *Beach* was distinguishable because it involved a statute that allows attorney fees as an element of damages under certain circumstances. The panel held that attorney

4

fees are included in the "actual costs" awarded as a mediation sanction, but not in "assessable costs" used to determine whether a sanction should be awarded.

The Court also explained that the assessable costs that are added to a verdict under MCR 2.403(O)(3) are those incurred from the filing of the complaint to the date of the case evaluation. In so concluding, the Court of Appeals declined to follow the *Grow* Court in applying the "last antecedent" rule of construction in interpreting the mediation rule. This rule of construction provides that "'a modifying clause is confined to the last antecedent unless something in the subject matter or dominant purpose [of the statute] requires a different interpretation.'" *Haveman v Kent Co Rd Comm'rs*, 356 Mich 11, 18; 96 NW2d 153 (1959), quoting *Kales v Oak Park*, 315 Mich 266, 271; 23 NW2d 658 (1946), quoting *Hopkins v Hopkins*, 287 Mass 542, 547; 192 NE 145 (1934). The Court of Appeals concluded that the application of the last antecedent rule in this case would mean that the phrase "from the filing of the complaint to the date of the mediation evaluation" modified only "interest on the amount of the verdict" and not "assessable costs." MCR 2.403(O)(1). The panel concluded that such an interpretation of the rule "skews its dominant purpose." 252 Mich App 497. Therefore, the panel held that the modifying phrase in MCR 2.403(O)(3) applied to

5

both "assessable costs" and "interest." This construction of the court rule, the Court concluded, was more in keeping with the overall purposes of the mediation rule, which are "to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases." 252 Mich App 498.

We agree with the Court of Appeals that attorney fees, whether incurred before or after the mediation evaluation, are not an element of "assessable costs" under MCR 2.403(O)(3). The general "American rule" is that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Nemeth v Abonmarche Dev, Inc,* 457 Mich 16, 37-38; 567 NW2d 641 (1998). As such, the term "costs" ordinarily does not encompass attorney fees unless the statute or court rule specifically defines "costs" as including attorney fees. For example, MCR 2.403(O)(6) provides that "actual costs" include "(a) those costs taxable in any civil action, and (b) a reasonable attorney fee . . . ." MCR 2.403(O)(6), however, does not define "assessable costs" as including attorney fees. We conclude, therefore, that attorney fees are not included in "assessable costs" under MCR 2.403(O)(3).

We also agree that in adjusting a verdict under MCR 2.043(O)(3), assessable costs are limited to those incurred

6

between the filing of the complaint and the date of the mediation evaluation or case evaluation.

Plaintiffs have urged upon us the position that utilization of the "last antecedent" rule would support the conclusion that the modifying phrase applies only to "interest." Here, however, the last antecedent rule provides little guidance because there are no textual clues indicating that "assessable costs" and "interest" are to be treated separately. To the contrary, the fact that "and" joins "assessable costs" and "interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation" suggests that the phrase "assessable costs and interest" is to be thought of as a single term, and, as a unit, is modified by "from the filing of the complaint to the date of the case evaluation." MCR 2.403(O)(3). Moreover, plaintiffs' suggested reading produces conceptual difficulties because it would provide no temporal limit at all to "assessable costs" and would make it possible for a party, remorseful over its failure to accept the mediation award, to advantage itself between mediation and trial by accruing unnecessary costs. This is an outcome that surely could not have been intended by the Court in adopting these rules. Indeed, the plain meaning of the rule and its grammatical structure make it clear that the rule does set the temporal limit as the date of case evaluation. On the

7

basis of the foregoing application of the principles of construction, we affirm the judgment of the Court of Appeals.  MCR 7.302(G)(1).

Maura D. Corrigan
Michael F. Cavanagh
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

WILLIAM C. DESSART, and
SHIELA A. DESSART,

     Plaintiffs-Appellants,

v                                         No. 122238

LYNN MARIE BURAK, and
BRYAN R. BURAK,

     Defendants-Appellees.

_____

WEAVER, J. (*concurring in result*).

I concur in the majority's determination that the last antecedent rule does not control the interpretation of the court rule at issue in this case.

I agree with and adopt the Court of Appeals reasoning that applying the last antecedent rule to MCR 2.403(O)(3) "skews [the court rule's] dominant purpose," which is to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases. 252 Mich App 490, 497; 652 NW2d 669 (2002).

I write separately because in its efforts to avoid applying the last antecedent rule, the majority unnecessarily creates a new rule of interpretation—that when two phrases are joined by "and," they are to be

treated as one term for the purpose of the last antecedent rule unless there is some textual clue indicating that they are to be treated separately. This new rule of interpretation conflicts with the last antecedent rule, which provides that a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows, unless there is some indication to the contrary.[1]

The majority's creation of the new conflicting rule of interpretation is unnecessary because, although the last antecedent rule is a well-recognized rule of statutory construction, its use is optional, not mandatory. As Sutherland On Statutory Construction explains, the last antecedent rule is "another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding

---

[1] *Barnhart v Thomas*, 540 US ___; 124 S Ct 376, 380; 157 L Ed 2d 333 (2003), citing 2A Singer, Sutherland on Statutory Construction, § 47.33, p 369 (6th rev ed, 2000) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.")

sections, the word or phrase will not be restricted to its immediate antecedent."[2]

I concur in the result of the memorandum opinion.

Elizabeth A. Weaver

---

[2] **2A Singer, Sutherland on Statutory Construction, §
47.33, p 372 (6th rev ed 2000).**

3