WEAVER, J.
(concurring in result). I concur in the majority’s determination that the last antecedent rule does not control the interpretation of the court rule at issue in this case.
I agree with and adopt the Court of Appeals reasoning that applying the last antecedent rule to MCR 2.403(O)(3) “skews [the court rule’s] dominant purpose,” which is to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases. 252 Mich App 490, 497; 652 NW2d 669 (2002).
I write separately because in its efforts to avoid applying the last antecedent rule, the majority unnecessarily creates a new rule of interpretation — that when two phrases are joined by “and,” they are to be treated as one term for the purpose of the last antecedent rule *44 unless there is some textual clue indicating that they are to be treated separately. This new rule of interpretation conflicts with the last antecedent rule, which provides that a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows, unless there is some indication to the contrary.[1]
The majority’s creation of the new conflicting rule of interpretation is unnecessary because, although the last antecedent rule is a well-recognized rule of statutory construction, its use is optional, not mandatory. As Sutherland On Statutory Construction explains, the last antecedent rule is “another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.”[2]
I concur in the result of the memorandum opinion.

 Barnhart v Thomas, 540 US 20,_; 124 S Ct 376, 380; 157 L Ed 2d 333, 340 (2003), citing 2A Singer, Sutherland on Statutory Construction, § 47.33, p 369 (6th rev ed, 2000) (“Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.”).

 2A Singer, Sutherland on Statutory Construction, § 47.33, p 372 (6th rev ed 2000).