IVEZAJ v AUTO CLUB INSURANCE ASSOCIATION

Docket Nos. 265293, 266442, 268137. Submitted April 12, 2007, at
    Detroit. Decided April 24, 2007, at 9:15 a.m.

  Dila Ivezaj brought an action in the Macomb Circuit Court against
    Auto Club Insurance Association, her no-fault automobile insurer,
    seeking personal protection insurance benefits that the defendant
    refused to pay for injuries she sustained in an automobile accident.
    A case evaluation panel awarded $150,000 to the plaintiff. The
    plaintiff rejected and the defendant accepted the award. A jury
    awarded the plaintiff $108,000 in allowable expenses and $13,000
    in interest on overdue benefits. The jury award reflected some, but
    not all, of the claimed benefits. The court, Donald G. Miller, J.,
    entered a judgment that added to the jury's $121,000 verdict
    $40,333.333 in contingent attorney fees pursuant to MCL
    500.3148(1) of the no-fault act, as well as judgment interest and
    taxable costs under MCR 2.625. On motion by the defendant for
    mediation sanctions against the plaintiff pursuant to MCR
    2.403(O), the court ruled that the adjusted verdict, i.e., the
    plaintiff's total judgment, represented a 10 percent improvement
    over the case evaluation award and that, for that reason, the
    defendant was not entitled to case evaluation sanctions. The
    defendant filed three appeals contesting the trial court's award of
    attorney fees to the plaintiff, denial of case evaluation sanctions
    against the plaintiff, and award of taxable costs to the plaintiff.
    The appeals were consolidated.

    The Court of Appeals held:

    1. The trial court did not clearly err when it awarded the
    plaintiff attorney fees pursuant to MCL 500.3148. An insurer's
    refusal to make or delay in making personal or property protection
    insurance benefits creates a rebuttable presumption that its
    refusal or delay is unreasonable so as to make it liable for a
    claimant's attorney fees under MCL 500.3148(1). In meeting its
    burden of rebutting this presumption, an insurer may not, as the
    defendant did in this case, rely on the fact that the jury's verdict
    represents less than all of the claimed unpaid or delayed benefits.
    The defendant failed to rebut the presumption of unreasonable-
    ness in light of any other evidence indicating that its refusal to pay

was reasonable. Because the trial court adopted the contingent-fee arrangement when making the award of attorney fees, the plaintiff's award of attorney fees does not include any fees associated with benefit claims that the jury found meritless.

2. The trial court erred in denying the defendant's motion for case evaluation sanctions against the plaintiff. The trial court should not have adjusted the verdict by adding the award of MCL 500.3148(1) attorney fees. Assessable costs by which a verdict may be adjusted do not include MCL 500.3148(1) attorney fees. The term "costs" does not encompass attorney fees unless a statute or court rule defines the term as such, and MCR 2.403(O) does not define assessable costs. The purpose of MCR 2.403(O) sanctions is to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases by potentially placing the burden of litigation costs on the party rejecting a case evaluation award. Including a statutory award of attorney fees in an adjusted verdict for purposes of determining if a party is liable for case evaluation sanctions would give that party an incentive to incur a large amount of attorney fees as a way to raise its adjusted verdict above the threshold at which it would no longer be liable for sanctions. An award of MCL 500.3148(1) attorney fees is a charge against the insurer in addition to the benefits recovered; it is not part of the verdict or judgment of an award of benefits. The plaintiff's adjusted verdict, minus the award of attorney fees, does not surpass the $165,000 threshold at which she would no longer be liable for case evaluation sanctions. Remand is necessary for an award of actual costs to the defendant as a mediation sanction against the plaintiff.

3. The trial court abused its discretion in awarding plaintiff MCR 2.625 taxable costs. MCR 2.625(A)(1) provides that only the prevailing party is entitled to recover costs, and MCR 2.403(O)(6) provides that the prevailing party is the party entitled to recover actual costs under MCR 2.403 and MCR 2.625. Because the defendant, not the plaintiff, is the prevailing party in this case, the trial court improperly awarded the plaintiff MCR 2.625 taxable costs.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. INSURANCE — NO-FAULT — REFUSALS OR DELAYS IN MAKING BENEFIT PAYMENTS — ATTORNEY FEES.

A no-fault insurer in an action for personal or property protection insurance benefits carries the burden of rebutting a presumption that its refusal to pay or delay in making benefit payments is

unreasonable; an insurer does not rebut the presumption of unreasonableness where it relies exclusively on the fact that a jury's verdict in favor of a claimant is less than the amount of claimed unpaid or delayed benefits (MCL 500.3148).

2. PRETRIAL PROCEDURE — CASE EVALUATION SANCTIONS — ADJUSTED VERDICTS — NO-FAULT ATTORNEY FEES.

Attorney fees awarded to a plaintiff in an action for no-fault personal or property protection insurance benefits for an insurer's unreasonable refusal to make or unreasonable delay in making benefit payments are not assessable costs by which a verdict may be adjusted when determining whether a party to the action is liable for actual costs as a sanction for rejecting a case evaluation award (MCL 500.3148[1], MCR 2.403[O]).

*Buckfire & Buckfire, P.C.* (by *Daniel L. Buckfire* and *Thomas N. Economy*), for the plaintiff.

*Schoolmaster, Hom, Killeen, Siefer, Arene & Hoehn* (by *David R. Tuffley*) (*John A. Lydick*, of counsel), for the defendant.

Before: ZAHRA, P.J., and BANDSTRA and OWENS, JJ.

PER CURIAM. Defendant Auto Club Insurance Association appeals as of right the judgments of the Macomb Circuit Court awarding plaintiff Dila Ivezaj attorney fees, denying case evaluation sanctions against her, and awarding her taxable costs. We affirm the trial court's award of attorney fees, and we reverse the trial court's orders denying defendant's request for case evaluation sanctions and awarding taxable costs to plaintiff.

Plaintiff was injured in a motor vehicle accident in Pontiac, Michigan, on July 19, 2001. She was insured through a Michigan automobile insurance policy issued by defendant and in accordance with the provisions of the no-fault insurance act, MCL 500.3101 *et seq.* Defendant does not dispute that it is responsible for furnish-

ing plaintiff's no-fault personal injury protection (PIP) benefits arising from the accident.

Plaintiff filed a complaint alleging that defendant failed to pay PIP benefits covered under the no-fault act. After a hearing on November 10, 2003, a case evaluation panel concluded that plaintiff's claim against defendant was worth $150,000. Plaintiff rejected and defendant accepted the award. The case proceeded to trial. After deliberation, a jury found that plaintiff sustained accidental bodily injury in the July 19, 2001, accident and awarded plaintiff $108,000 in allowable expenses and $13,000 in interest reimbursement for overdue benefits. The trial court subsequently entered judgment in this amount. The trial court also awarded plaintiff $40,333.33 in attorney fees pursuant to MCL 500.3148(1). After adjusting plaintiff's $121,000 verdict by adding the $40,333.33 award of attorney fees, as well as judgment interest and taxable costs, the trial court determined that plaintiff had improved her position at trial by more than 10 percent and, therefore, defendant was not entitled to receive MCR 2.403(O) case evaluation sanctions. The trial court also awarded plaintiff $8,996.10 in MCR 2.625 taxable costs.

## I. ATTORNEY FEES

Defendant argues that the trial court should not have awarded attorney fees to plaintiff because its refusal to pay certain benefits claimed by plaintiff was reasonable. Specifically, defendant argues that plaintiff recovered only a small portion of her claimed benefits at trial, proving that its refusal to pay was reasonable. We disagree.

We will not disturb a trial court's findings concerning a plaintiff's claim for attorney fees pursuant to MCL

500.3148 unless the finding is clearly erroneous. *Bloemsma v Auto Club Ins Co*, 174 Mich App 692, 697; 436 NW2d 442 (1989). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

The trial court did not clearly err when it awarded plaintiff no-fault attorney fees. MCL 500.3148(1) states:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

When an insurer refuses to make or delays in making a no-fault payment, a rebuttable presumption arises that this refusal to pay or delay in paying is unreasonable. *Attard v Citizens Ins Co of America*, 237 Mich App 311, 317; 602 NW2d 633 (1999). The insurer has the burden of rebutting this presumption of unreasonableness by justifying the refusal or delay. *McKelvie v Auto Club Ins Ass'n*, 203 Mich App 331, 335; 512 NW2d 74 (1994). A delay in making payments "is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Attard*, *supra* at 317.

However, as this Court noted in *McCarthy v Auto Club Ins Ass'n*, 208 Mich App 97, 105; 527 NW2d 524 (1994), "the scope of inquiry under § 3148 is not whether the insurer ultimately is held responsible for a given expense, but whether its initial refusal to pay the expense was unreasonable." The *McCarthy* Court re-

versed the trial court's holding that the defendant insurer unreasonably failed to properly investigate the plaintiff's medical needs before refusing to pay for corrective plastic surgery. *Id.* at 101. In particular, the verdict did not indicate whether the defendant had a reasonable basis for refusing to pay for the plaintiff's plastic surgery at the time she initially requested the coverage. *Id.* at 105. The *McCarthy* Court noted that the trial court could not rely on the jury's verdict that the defendant was responsible for the cost of the plastic surgery to support its conclusion that the defendant unreasonably refused to pay for the surgery at the time the claim was first submitted. *Id.* Instead, the *McCarthy* Court noted that the defendant presented evidence indicating that it relied on the opinion of the plaintiff's treating physician that this surgery was unnecessary when it decided not to reimburse the plaintiff. *Id.* This evidence supported the defendant's argument that it had a reasonable basis for refusing to pay for the plastic surgery *at the time* the plaintiff requested this coverage, because it established that, when the defendant initially refused the plaintiff's request for the coverage, it recognized that a bona fide question of fact existed regarding whether the surgery was necessary. *Id.*

In this case, defendant relies exclusively on the jury verdict to support its argument that its initial decision not to pay for certain medical and replacement service expenses requested by plaintiff was reasonable. Notably, defendant argues that its initial refusal to pay these expenses was reasonable because the jury only held it liable for a small percentage of plaintiff's claims. Yet defendant did not know that a jury would only find it liable for a percentage of the disputed medical and replacement service expenses when it refused to pay these expenses. Accordingly, defendant cannot use the jury verdict as evidence to rebut the presumption that

its initial refusal to reimburse plaintiff for these expenses was unreasonable. See *Attard, supra* at 317; *McCarthy, supra* at 105.

Again, defendant fails to identify any evidence indicating that it recognized that plaintiff's claims were unreasonable *at the time it initially refused to make the payments*. Defendant fails to indicate that it was not required pursuant to statute or constitutional law to reimburse plaintiff for the disputed claims, that it contacted doctors or other experts to determine if plaintiff reasonably needed the requested medical services when it decided not to pay, or that it had another reasonable basis for disputing the legitimacy of plaintiff's claims for benefits. Accordingly, defendant fails to provide any evidence or make any argument justifying its refusal to make the requested payments or to otherwise rebut the presumption that its failure to pay these disputed benefits when they were initially requested was unreasonable. See *McKelvie, supra* at 335. Because defendant failed to identify any evidence indicating that its initial refusal to reimburse plaintiff was reasonable, the trial court did not clearly err when it concluded that defendant failed to rebut the presumption of unreasonableness and awarded plaintiff attorney fees pursuant to MCL 500.3148(1).

Defendant also argues that, even if it unreasonably failed to pay certain disputed benefits, the trial court should have only awarded plaintiff attorney fees compensating her for the costs incurred in bringing these claims, and not awarded her attorney fees generated in connection with claims for benefits that lacked merit. However, the trial court did not award plaintiff attorney fees for the claims she lost. The trial court adopted the contingency fee arrangement between plaintiff and her

attorneys to calculate attorney fees. Pursuant to this arrangement, plaintiff's attorneys received one-third of the amount she recovered at trial as their fee, but they would not receive any fees for pursuing claims for which she did not recover. By adopting this fee arrangement to determine the amount of plaintiff's award of attorney fees, the trial court adopted an arrangement under which plaintiff's attorneys were "paid" only for pursuing those claims that the jury found meritorious. Although defendant argues otherwise, plaintiff's attorneys were not awarded attorney fees for pursuing claims for which plaintiff did not recover.

## II. CASE EVALUATION SANCTIONS

Defendant argues that the trial court erred when it adjusted the jury's verdict by adding the award of MCL 500.3148(1) attorney fees. Accordingly, defendant argues, plaintiff failed to improve her position by at least 10 percent at trial and was liable for case evaluation sanctions. We agree.

We review de novo a trial court's decision regarding a motion for case evaluation sanctions under MCR 2.403(O). *Campbell v Sullins*, 257 Mich App 179, 197; 667 NW2d 887 (2003). We also review de novo the interpretation and application of a court rule. *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001). We review the amount of sanctions imposed by the trial court for an abuse of discretion. *Campbell, supra* at 197.

MCR 2.403(O) discusses the circumstances under which the party rejecting a case evaluation award is liable for sanctions:

(1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing

party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

(3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation, and, if applicable, by making the adjustment of future damages as provided by MCL 600.6306. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

Defendant argues that plaintiff's award of statutory attorney fees is not an "assessable cost" by which the verdict may be adjusted before determining if the adjusted verdict is more favorable to plaintiff than the case evaluation and, hence, whether plaintiff is required to pay sanctions. The term "assessable cost" is not defined in MCR 2.403(O). However, both this Court and our Supreme Court discussed whether a trial court's award of MCL 500.3148(1) attorney fees constitutes an "assessable cost" in *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612; 550 NW2d 580 (1996), *Dessart v Burak*, 252 Mich App 490; 652 NW2d

669 (2002), and *Dessart v Burak*, 470 Mich 37; 678 NW2d 615 (2004).[1]

In *Beach, supra* at 615, the plaintiff suffered severe head injuries in a one-car accident. The defendant, his no-fault insurance provider, refused to pay for rehabilitation treatment because its experts were unable to determine if the plaintiff's learning difficulties were the result of the accident in question or the effect of head injuries that the plaintiff had suffered years earlier. *Id.* at 615-616. A mediation panel determined that the case was worth $17,573.75. *Id.* at 626. The plaintiff rejected this award and the case went to trial.[2] *Id.* at 616, 626. After deliberation, the jury awarded the plaintiff $17,500. *Id.* at 616.

Although the plaintiff moved for attorney fees pursuant to MCL 500.3148(1), the trial court did not award him these statutory fees.[3] *Id.* at 628. Regardless, the trial court awarded the plaintiff mediation sanctions. *Beach, supra* at 625. Apparently, it included attorney fees in the "assessable costs" that it used to adjust the verdict. The defendant challenged "the trial court's award of mediation sanctions and the amount of those sanctions on the basis that the jury verdict plus assessable costs and interest did not exceed the mediation

---

[1] The trial court proceedings in the following cases occurred before the mediation procedure described in MCR 2.403 was renamed "case evaluation." Consistent with the terminology used in these opinions, we refer to the case evaluation procedure as "mediation" when discussing these cases.

[2] Because the plaintiff in *Beach* rejected the mediation award, he would be responsible for paying mediation sanctions unless the adjusted verdict was more than $19,331.12. *Beach, supra* at 626.

[3] The *Beach* Court upheld the trial court's denial of an award of attorney fees, ruling that, pursuant to the jury's finding that the plaintiff was not entitled to recover no-fault penalty interest, his benefits were not "overdue." *Beach, supra* at 630.

evaluation by more than ten percent." *Id.* Although the *Beach* Court vacated the mediation award because the trial court had erred in calculating prejudgment interest and taxable costs, it indicated that attorney fees should be included among the assessable costs used to adjust a verdict for purposes of determining if case evaluation sanctions were warranted. *Id.* at 626. The *Beach* Court stated:

> The mediation panel unanimously awarded $17,573.75 in plaintiff's favor on October 14, 1993. Assuming that plaintiff raised the same issues at mediation and at trial, the court should add to the $17,500 jury verdict *all assessable costs, including costs taxable in a civil action and a reasonable attorney fee incurred from the date of mediation,* as well as any interest on the verdict amount from the date the complaint was filed to the date of the mediation evaluation, in order to determine whether plaintiff improved his position at trial by more than ten percent, i.e., plaintiff received more than $19,331.12. MCR 2.403(O)(3), (6). If so, plaintiff is entitled to his actual costs, including attorney fees, pursuant to MCR 2.403(O). See also *Haberkorn* [*v Chrysler Corp*, 210 Mich App 354, 379-380; 533 NW2d 373 (1995).] [*Id.* (emphasis added).]

According to the *Beach* Court's recommendation, "a reasonable attorney fee incurred from the date of mediation" is an "assessable cost" that should be added to a jury verdict to adjust it for purposes of determining if mediation sanctions are warranted. *Id.*

Yet we do not find the *Beach* Court's reference to attorney fees binding in this case. Although the *Beach* Court noted that, if the mediation and the trial covered the same issues, the trial court should adjust the jury verdict in favor of plaintiff to include assessable costs (including reasonable attorney fees incurred from the date of mediation) before determining whether plaintiff was liable for mediation sanctions, the trial court did

not award plaintiff attorney fees pursuant to MCL 500.3148(1).[4] Accordingly, the *Beach* Court was not referring to these MCL 500.3148(1) attorney fees when it recommended that the trial court add assessable costs, including "a reasonable attorney fee incurred from the date of mediation," to adjust the jury verdict for purposes of determining whether the plaintiff was entitled to mediation sanctions. *Id.*

Regardless, in *Dessart*, this Court distinguished that case from *Beach* on the ground that the attorney fees awarded by the *Beach* Court were MCL 500.3148(1) attorney fees.[5] In the *Dessart* cases, the parties were involved in a car accident in which a plaintiff was injured. *Dessart, supra*, 252 Mich App 491-492. Notably, this was not a no-fault case. The parties submitted the case for mediation, and the mediation panel evaluated the case at $120,000. *Id.* at 492. The plaintiffs accepted the award, but the defendants rejected it. *Id.* The case proceeded to trial and, after deliberation, the jury awarded the plaintiffs $100,000 in past noneconomic damages. *Id.* The parties agreed that the plaintiffs would be entitled to mediation sanctions pursuant to MCR 2.403(O) if their adjusted verdict exceeded $108,000. *Id.* at 493.

After entry of the judgment, the plaintiffs filed for mediation sanctions pursuant to MCR 2.403(O), which the trial court denied. *Dessart, supra*, 470 Mich 39. In making this ruling, the trial court determined that "assessable costs" pursuant to MCR 2.403(O)(3) did not

---

[4] Plaintiff challenged the trial court's refusal to award MCL 500.3148(1) attorney fees on cross-appeal. *Beach, supra* at 628. The *Beach* Court concluded that the trial court's decision to deny plaintiff's request for attorney fees was not clearly erroneous. *Id.*

[5] Again, we note that the *Beach* attorney fees were not, in fact, MCL 500.3148(1) attorney fees. This was an erroneous distinction.

include attorney fees. *Dessart, supra,* 252 Mich App 494. The plaintiffs appealed this holding, arguing that *Beach, supra,* supported their argument that the "assessable costs" used to adjust the verdict for purposes of awarding mediation sanctions should include "reasonable attorney fees from the date of mediation through verdict necessitated by defendants' rejection of the mediation award." *Id.* at 493.

This Court affirmed the trial court's denial of the plaintiffs' motion for mediation sanctions. *Id.* at 499. Specifically, this Court held:

> [I]n determining the propriety of sanctions pursuant to MCR 2.403(O)(3), if a party has rejected a mediation award and the case proceeds to trial, the verdict must be adjusted by adding to it "assessable costs," not "actual costs," incurred from the filing of the action to the date of the mediation evaluation, as well as interest for the same period. Only after this calculation is made and it is determined that sanctions are appropriate under the ten percent calculation of subrule (O)(3) is the payment of "actual costs," as defined in subrule (O)(6), implicated. [*Id.*]

This Court explained its reasoning as follows:

> MCR 2.403(O)(3) does not expressly or impliedly allow for the inclusion of postmediation costs or any attorney fees, for reasons that are well founded. The overall purpose of the mediation rule is to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases. *Neal v Neal,* 219 Mich App 490, 493; 557 NW2d 133 (1996); *Detroit v Kallow Corp,* 195 Mich App 227, 230; 489 NW2d 500 (1992). The sanction provision of the rule places the burden of litigation costs on the party who demands a trial by rejecting a proposed mediation award. *Id.* However, as noted above, the purpose of the mediation sanction provisions is not to act as a punitive measure but rather is intended to foster settlement. In order to do so, a trial court must review the mediation evaluation in light of the circumstances that existed at the

time of the mediation itself. If, as plaintiffs propose, post-mediation litigation costs and attorney fees are included in the amount of the adjusted verdict, the risk of going to trial would be minimized, thereby undermining the court rule's purpose of discouraging litigation. [*Id.* at 498.]

Notably, however, this Court chose not to apply the *Beach* Court's broad construction of "assessable costs" to include both postmediation costs and attorney fees. *Dessart, supra,* 252 Mich App 495-496. Initially, this Court noted that the *Beach* Court's statements regarding the construction of the term "assessable costs" were dicta and not essential to the disposition of the case. *Id.* at 496. However, this Court also made the following distinction between the circumstances surrounding the *Beach* Court's holding and its holding in *Dessart*:

Further, *Beach* can be distinguished from the present action because it entailed a first-party no-fault insurance claim in which attorney fees can, under certain circumstances, be an element of a plaintiff's damages. See *Beach, supra* at 628; MCL 500.3148(1). Thus, the propriety of attorney fees in the context of a verdict adjustment is unique to *Beach*; in assessing the mediation evaluation, a court in such circumstances could examine whether an attorney fee was an intrinsic part of the proposed worth of the case. [*Id.* at 496.]

Our Supreme Court agreed with this Court's holding in *Dessart* "that attorney fees, whether incurred before or after the mediation evaluation, are not an element of 'assessable costs' under MCR 2.403(O)(3)." *Dessart, supra,* 470 Mich 42. Our Supreme Court reasoned:

The general "American rule" is that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Nemeth v Abonmarche Dev, Inc,* 457 Mich 16, 37-38; 576 NW2d 641 (1998). As such, the term "costs" ordinarily does not encompass attorney fees unless the statute or court rule

> specifically defines "costs" as including attorney fees. For example, MCR 2.403(O)(6) provides that "actual costs" include "(a) those costs taxable in any civil action, and (b) a reasonable attorney fee. . . ." MCR 2.403(O)(6), however, does not define "assessable costs" as including attorney fees. We conclude, therefore, that attorney fees are not included in "assessable costs" under MCR 2.403(O)(3). [*Id.*]

It also explained that this Court found that *Dessart* was distinguishable from *Beach* "because it involved a statute that allows attorney fees as an element of damages under certain circumstances." *Id.* at 41.

We note that this Court distinguished *Dessart* from *Beach* on a faulty premise, namely, that the *Beach* Court had included attorney fees among the assessable costs by which it adjusted the verdict because MCL 500.3148(1) permitted an award of attorney fees as an element of damages. *Dessart, supra,* 470 Mich at 41; *Dessart, supra,* 252 Mich App at 496. However, in *Beach,* the plaintiff was not awarded MCL 500.3148(1) attorney fees. Therefore, the "attorney fees" that the *Beach* Court recommended including with assessable costs when adjusting the verdict were not fees awarded pursuant to MCL 500.3148(1). *Beach, supra* at 628.

Further, this Court's statement in *Dessart* regarding whether MCL 500.3148(1) attorney fees should be included among the assessable costs by which to adjust a verdict is dictum. Dictum is a " 'judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (thought it may be considered persuasive).' " *People v Higuera,* 244 Mich App 429, 437; 625 NW2d 444 (2001), quoting Black's Law Dictionary (7th ed). Again, the *Dessart* cases did not concern an insurer's no-fault liability and the parties were not debating whether MCL 500.3148(1) attorney

fees should have been awarded. These attorney fees were only mentioned in the context of distinguishing *Beach* and discussing its inapplicability to the *Dessart* cases and were not a necessary part of this Court's analysis that the trial court correctly held that "assessable costs" pursuant to MCR 2.403(O)(3) did not include attorney fees.

Regardless, the respective opinions of this Court and our Supreme Court in *Dessart* support our conclusion that the trial court erred when it included the value of the MCL 500.3148(1) attorney fees when adjusting plaintiff's verdict and determined that plaintiff was not liable for case evaluation sanctions. As our Supreme Court noted, the term "costs" does not encompass attorney fees unless a statute or court rule defines this term as such, and MCR 2.403(O) does not define "assessable costs." See *Dessart, supra,* 470 Mich at 42. In the absence of authority to the contrary, we conclude that the "assessable costs" by which a verdict may be adjusted do not include MCL 500.3148(1) attorney fees. *Id.* Again, because the "attorney fees" that the *Beach* Court recommended including with assessable costs when adjusting the verdict were not fees awarded pursuant to MCL 500.3148(1), *Beach, supra* at 628, the *Beach* Court's holding is not applicable to the circumstances of this case and, therefore, does not affect our conclusion that the trial court erred when it included MCL 500.3148(1) attorney fees among the assessable costs by which it adjusted the verdict.

Further, we believe that our holding reflects the purpose of awarding MCR 2.403(O) sanctions, which is to "encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases" by potentially placing the burden of litigation costs on the party rejecting a case evaluation award. *Dessart,*

*supra*, 252 Mich App at 498. Admittedly, because the attorney fees awarded in this case are statutory and because plaintiff noted that she was entitled to these fees in her first amended complaint, we assume that plaintiff was aware at the time of case evaluation of the possibility that she would receive an award of MCL 500.3148(1) attorney fees if the case proceeded and, presumably, considered this information when determining whether to reject or accept the case evaluation award.[6]

However, including a statutory award of attorney fees in an adjusted verdict for purposes of determining if a party is liable for case evaluation sanctions would give that party an incentive to incur a large amount of attorney fees as a way to raise its adjusted verdict above the threshold at which it would no longer be liable for sanctions. Admittedly, this risk was minimized in the present case because the trial court adopted the contingency fee arrangement between plaintiff and her attorney to calculate the value of the MCL 500.3148(1) fees to which she was entitled, making the value of the fees awarded to plaintiff dependent on the amount of the jury verdict. Further, MCL 500.3148(1) specifies that the fees awarded pursuant to the statute must be "reasonable." Regardless, this statute presumably permits the recovery of fees incurred both before and after the rejection of a case evaluation award. Accordingly, the promise of the recovery of MCL 500.3148(1) attorney fees and the ability to incur these fees after rejecting a case evaluation award (as long as the fees are "reasonable"), along with the right to adjust a verdict upward by the amount of these fees in an attempt to avoid case evaluation sanctions, could discourage a

---

[6] In the absence of evidence to the contrary, we assume that the case evaluation panel did not include the value of MCL 500.3148(1) attorney fees in its proposed valuation of this case.

party from accepting a case evaluation award because the risks of rejecting the award are lower. This defeats the stated purpose of case evaluation, which is to foster settlement instead of litigation, and lends support to our holding that MCR 2.403(O) does not permit adjusting a verdict by the value of an award of statutory attorney fees.

The parties also debate whether the statutory award of attorney fees is part of the "verdict" as defined in MCR 2.403(O)(2). In particular, plaintiff argues that these fees are "an intrinsic part of the verdict" and were properly included as part of the verdict when determining whether she was liable for case evaluation sanctions. We disagree. To determine if case evaluation sanctions are appropriate, the evaluated value of the case must be compared to the amount recovered at trial, whether this recovery comes in the form of a jury verdict, a judgment by the trial court after a nonjury trial, or a judgment entered as the result of a ruling on a motion. MCR 2.403(O). However, MCL 500.3148(1) indicates that this award of attorney fees is not part of the no-fault benefits recovered in the underlying action, but is "a charge against the insurer in addition to the benefits recovered . . . ." An award of attorney fees under MCL 500.3148(1) is not designed to be part of the verdict or judgment of the court regarding the award of no-fault benefits. Again, in the absence of evidence to the contrary, we assume that the case evaluators did not include the value of these attorney fees in their valuation of the case. Therefore, the award of attorney fees should not be included as part of the "verdict" when determining if a party is liable for case evaluation sanctions.[7] Plaintiff discusses several cases that she

---

[7] Notably, if the case evaluators incorporated the value of MCL 500.3148(1) attorney fees when determining the value of the case, the

claims indicate that her award of MCL 500.3148(1) attorney fees should be considered part of the verdict pursuant to MCR 2.403(O). Those cases are distinguishable from the present case and do not support her argument.

Plaintiff's readjusted verdict, minus the award of attorney fees, does not surpass the $165,000 threshold at which plaintiff would no longer be liable for case evaluation sanctions. Accordingly, defendant is entitled to recover sanctions from plaintiff. Remand is necessary to permit the trial court to determine an award of actual costs.

### III. TAXABLE COSTS

Finally, defendant argues that the trial court erred when it awarded plaintiff MCR 2.625 taxable costs. We agree. We review a trial court's ruling on a motion for costs under MCR 2.625 for an abuse of discretion. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 518; 556 NW2d 528 (1996), aff'd 458 Mich 582 (1998). We review the interpretation and application of a court rule de novo. *Marketos, supra* at 412.

MCR 2.403(O)(6) states in part, "For the purpose of determining taxable costs under this subrule and under MCR 2.625, the party entitled to recover actual costs under this rule shall be considered the prevailing party." As we discussed earlier, the trial court erred when it included the award of MCL 500.3148(1) attorney fees in the adjusted verdict. The readjusted verdict, minus this award of attorney fees, does not surpass the $165,000 threshold at which plaintiff would no longer be liable for case evaluation sanctions. Because plaintiff

statutory award of attorney fees should be considered part of the verdict for purposes of comparison. Again, the parties do not claim, and the trial court record does not indicate, that this occurred in this case.

is liable for case evaluation sanctions, defendant is entitled to recover actual costs pursuant to MCR 2.403(O)(6) and, therefore, is considered the prevailing party under MCR 2.625. Pursuant to MCR 2.625(A)(1), only the prevailing party is entitled to recover costs. Because plaintiff is no longer the prevailing party, she is not entitled to recover costs pursuant to MCR 2.625. Accordingly, the trial court's award of MCR 2.625 taxable costs is in error.

The trial court's award of MCL 500.3148(1) attorney fees is affirmed. The trial court's orders denying defendant's motion for case evaluation sanctions and the trial court's award of MCR 2.625 taxable costs to plaintiff are reversed. Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.