CAVANAGH, J.
(concurring). I concur with the majority’s decision to reverse the Court of Appeals and remand for further proceedings consistent with the majority opinion. The primary issue in this case is whether there was a “verdict” for purposes of case evaluation costs under MCR 2.403(0).
In this case, Acorn Investment Company (Acorn) filed suit after Michigan Basic Property Insurance Association (Michigan Basic) denied Acorn’s claim. After both parties’ motions for summary disposition were denied, the case was submitted to case evaluation, resulting in an award in Acorn’s favor, which Acorn accepted but Michigan Basic rejected. Accordingly, the action proceeded. Subsequently, Acorn and Michigan Basic again moved for summary disposition. The trial court denied Michigan Basic’s motion but granted Acorn’s motion, effectively leaving only the issue of damages in dispute and ultimately leading to entry of a judgment in Acorn’s favor.
Under the circumstances of this case, I agree with the majority that there was a “verdict” for purposes of MCR 2.403(0X2) when a judgment entered as a result of a ruling on a motion after case evaluation. I also agree with the majority’s determination that the Court of Appeals erred insofar as it focused its analysis on caselaw, such as Saint George Greek Orthodox Church of Southgate, Mich v Laupmanis Assocs, PC, 204 Mich *361 App 278; 514 NW2d 516 (1994), that is inapposite or interpreted previous versions of the court rule. Finally, I note that the possibility of actual costs in cases such as this does not necessarily run afoul of the purpose of the court rule, as Michigan Basic’s arguments imply. The court rule is not intended to punish parties; instead, the court rule seeks to expedite and promote the settlement of cases by shifting the financial burden of paying actual costs to the party that imprudently rejected the proposed case evaluation award. See McAuley v Gen Motors Corp, 457 Mich 513, 523; 578 NW2d 282 (1998); Dessart v Burak, 252 Mich App 490, 498; 652 NW2d 669 (2002). In this case, although Michigan Basic argues that its decision not to contest the appraisal panel’s determination regarding Acorn’s losses frees it from potential responsibility regarding actual costs, Michigan Basic nevertheless rejected the proposed case evaluation award in Acorn’s favor, contested its liability until the trial court granted Acorn’s motion for summary disposition, and otherwise protracted the proceedings contrary to the aim of the rule. Accordingly, I concur with the majority’s decision to reverse the Court of Appeals and remand for further proceedings, including whether it is in the interest of justice to refuse to award actual costs under MCR 2.403(O)(ll).