# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 1, 2006

130283

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

CHARLES STARKS, JR.,
      Plaintiff-Appellant,

v

          SC: 130283
          COA: 257127
          Macomb CC: 01-005581-CZ

MICHIGAN WELDING SPECIALISTS,
INC., and AUGUST F. PITONYAK,
      Defendants-Appellees.

_____/

On October 11, 2006, the Court heard oral argument on the application for leave to appeal the November 29, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals. Where, as here, a successor corporation acquires the assets of a predecessor corporation and does not explicitly assume the liabilities of the predecessor, the traditional rule of corporate successor non-liability applies. See, *Foster v Cone-Blanchard Machine Co*, 460 Mich 696, 702 (1999). Because an exception designed to protect injured victims of defective products rests upon policy reasons not applicable to a judgment creditor, the Court declines to expand the exception to the traditional rule set forth in *Turner v Bituminous Casualty Co*, 397 Mich 406 (1976), to cases in which the plaintiff is a judgment creditor.

KELLY, J., dissents and states as follows:

I would grant leave to appeal. The issue of whether the continuity of the enterprise doctrine recognized in *Turner v Bituminous Casualty Co*, 397 Mich 406 (1976), extends beyond products liability actions warrants further discussion and closer attention from this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 1, 2006

                                Clerk

t1025