# STATE OF MICHIGAN

# COURT OF APPEALS

TAIZHOU GOLDEN SUN ARTS & CRAFTS, CO. LTD.,

Plaintiff-Appellant/Cross-Appellee,

v

COLORBÖK, LLC, BRUCE LAZEAR, CHARLES MCGONIGLE, MARY JO MANLY, and GEARY PRIEHS,

Defendants-Appellees/Cross-Appellants,

and

COLORBÖK, INC,

Defendant.

UNPUBLISHED
August 18, 2015

No. 320129
Washtenaw Circuit Court
LC No. 12-001096-CK

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

RIORDAN, J. (*concurring*).

Although I concur in the result the majority reached, I write separately to address the legal issues underlying successor liability and the Michigan Supreme Court order *Starks v Mich Welding Specialists*, *Inc*, 477 Mich 922; 722 NW2d 888 (2006).

The majority merely concludes that "the relevant successor liability rule is simply not available here because this is not a products liability action." The majority cites to *Starks*, which in relevant part states:

> Where, as here, a successor corporation acquires the assets of a predecessor corporation and does not explicitly assume the liabilities of the predecessor, the traditional rule of corporate successor non-liability applies. See, *Foster v Cone-Blanchard Machine Co*, 460 Mich 696, 702; 597 NW2d 506 (1999). Because an exception designed to protect injured victims of defective products rests upon policy reasons not applicable to a judgment creditor, the Court declines to expand the exception to the traditional rule set forth in *Turner v*

-1-

*Bituminous Casualty Co*, 397 Mich 406; 244 NW2d 873 (1976), to cases in which the plaintiff is a judgment creditor. [*Starks*, 477 Mich at 922.]

In order to illuminate the Court's ruling in *Starks*, further background of successor liability law is warranted.

## I. "MERE CONTINUATION"

Michigan follows the traditional rule of successor liability. *Foster*, 460 Mich at 702. Under that rule, the nature of the transaction determines the potential liability of predecessor and successor corporations. *Id.* "If the acquisition is accomplished by merger, with shares of stock serving as consideration, the successor generally assumes all its predecessor's liabilities. However, where the purchase is accomplished by an exchange of cash for assets, the successor is not liable for its predecessor's liabilities unless one of five narrow exceptions applies." *Id.* The five exceptions are: (1) an express or implied assumption of liability; (2) de facto consolidation or merger; (3) fraud; (4) transfer lacking in good faith or consideration; or (5) where the transferee corporation was a mere continuation or reincarnation of the old corporation. *Id.* at 702. At issue in this case is the final exception, namely, whether Colorbök LLC was a mere continuation of Colorbök Inc.

## II. "CONTINUITY OF THE ENTERPRISE"

However, another relevant doctrine is the continuity of the enterprise doctrine. In *Turner*, 397 Mich at 883, the Michigan Supreme Court applied the successor liability doctrine in the context of products liability cases, establishing the continuity of the enterprise doctrine. Pursuant to this doctrine, successor liability is imposed if: (1) there is continuation of the seller corporation (i.e. continuity of management, personnel, physical location, assets, and general business operations of the predecessor corporation); (2) the predecessor corporation ceases its ordinary business operations, liquidates, and dissolves; and (3) the purchasing corporation assumes liabilities and obligations of the seller ordinarily necessary for the continuation of normal business operations. See *Foster*, 460 Mich at 703 (describing the *Turner* doctrine). Also pertinent is whether the purchasing corporation held itself out to the world as the effective continuation of the seller corporation. *Turner*, 397 Mich at 430.

## III. RELATIONSHIP BETWEEN THE TWO DOCTRINES

As Judge Boggs held in *CT Charlton & Assoc, Inc v Thule, Inc*, 541 Fed Appx 549, 551-552 (CA 6, 2013), "A review of *Turner* . . . suggests that these are best understood as two independent exceptions, motivated by different policy concerns and applied in different circumstances." The court further opined:

> In creating the 'continuity of the enterprise' doctrine, *Turner* modified one of the traditional 'limited exceptions' to successor liability to fit in the products-liability context. But this modified exception was not the 'mere continuation' exception, which is only mentioned in passing in *Turner,* appearing in a list in a footnote. *Turner*, 244 N.W.2d at 877 n 3. Instead, *Turner* modified the de-facto-merger doctrine, a traditional exception that imposes successor liability when four requirements are met: 1) continuation of the enterprise, 2) continuity of

shareholders, 3) ending of ordinary business operations by the seller, and 4) assumption of liabilities and obligations necessary for uninterrupted continuation of business operations by the purchaser. *Turner,* 244 NW2d at 879. After reviewing the policies underlying products-liability law, the court concluded that, in the products-liability context, the form of the acquisition is irrelevant to the question of liability. . . . As a result, the *Turner* court dropped the 'continuity of shareholders' element, requiring only elements 1, 3, and 4 of the de-facto-merger doctrine to establish successor products liability. *Id.* at 883. The 'continuity of the enterprise' doctrine, therefore, is best read as a relaxation of the de-facto-merger doctrine in products-liability cases, not a redefinition of the 'mere continuation' exception. The 'mere continuation' exception remains narrow, but retains its general applicability. [*Id.* at 552. See also *In re Clements Mfg Liquidation Co, LLC*, 521 BR 231, 253-254 (2014).]

Moreover, the continuity of the enterprise doctrine generally is limited to products liability cases. See *CT Charlton & Assoc, Inc*, 541 Fed Appx at 552 ("No matter how the 'continuity of the enterprise' doctrine is characterized, a review of Michigan law and the policies underlying the doctrine makes clear that it is only meant to apply in products-liability cases (and potentially a few other areas animated by similar public-policy concerns)."). See also *Turner*, 397 Mich at 416 ("This is a products liability case first and foremost."). In fact, *Starks* could be interpreted as limiting the continuity of the enterprise doctrine to the products liability context. 477 Mich at 922 ("Because an exception designed to protect injured victims of defective products rests upon policy reasons not applicable to a judgment creditor, the Court declines to expand the exception to the traditional rule set forth in [*Turner*] to cases in which the plaintiff is a judgment creditor."). See also *City Mgt Corp v US Chem Co, Inc*, 43 F3d 244, 253 (CA 6, 1994) ("[T]he Michigan Supreme Court intended that the continuing enterprise exception be limited to products liability cases.").

However, no such limitation appears in the context of the mere continuation doctrine. As the bankruptcy court in the eastern district of Michigan opined, "the traditional exceptions under Michigan law for the general rule of corporate successor nonliability, one of which is the 'mere continuation' exception, *do* apply in the commercial context, and are *not limited* to product liability cases." *In re Clements Mfg Liquidation Co, LLC*, 521 BR at 253 (emphasis added). Stated differently, the mere continuation exception applies to commercial cases and is not limited to product liability cases. The *Clements* court further opined that "[t]he Michigan Supreme Court's one paragraph opinion in the *Starks* case . . . does not hold otherwise. Rather, . . . *Starks* limited . . . to product liability cases, a different exception to the traditional rule of non-liability of corporate successors, namely, the 'continuity of the enterprise' doctrine, which is a separate basis for imposing successor liability from the 'mere continuation' doctrine." *Id.* at 253-254.[1]

IV. APPLICATION IN MICHIGAN

---

[1] See also *Ryan Racing, LLC v Gentilozzi*, unpublished opinion of the Western District Court of Michigan, issued February 19, 2015 (Docket No. 1:12-CV-488).

However, while the federal courts may have detected a difference between the two doctrines and their related application, Michigan courts have not been as precise in their discussion or application of successor liability. In fact, Michigan cases have conflated the two, and treated the "mere continuation" exception and the "continuity of the enterprise" doctrine as one in the same. See *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 718; 762 NW2d 529 (2008) ("As indicated earlier in this opinion, the continuing enterprise theory (mere continuation or reincarnation of the old corporation) is the only theory that can be pursued by plaintiffs at trial."). See also *Lakeview Commons v Empower Yourself*, 290 Mich App 503, 506; 802 NW2d 712 (2010).

As appellant recognizes, the panel in this case is bound by *RDM* and *Lakeview*, which are published cases from this Court in 2008 and 2010, respectively. Absent the panel declaring a conflict with this published caselaw, it is not clear how the panel could disagree with binding caselaw that condenses the two doctrines into one. Further, if there only is one exception, then pursuant to *Starks*, successor liability is limited to products liability cases, as the majority posits.

However, it is not clear how to reconcile *Starks* (2006)—successor liability is limited to products liability—with *RDM* (2008) and *Lakeview* (2010)—non-products liability cases that applied successor liability. Appellant contends that *RDM* and *Lakeview*—cases from the Court of Appeals—have treated *Starks* as dicta, as they have applied successor liability in commercial creditor cases.[2] Be that as it may, no published Court of Appeals case has referred to *Starks* as dicta, nor does such a determination appear justified. See *Dessart v Burak*, 252 Mich App 490, 496 n 5; 652 NW2d 669 (2002) (defining obiter dictum as a judicial comment made during the course of delivering a judicial opinion that is unnecessary to the decision of the case). As appellee contends, the Michigan Supreme Court could have denied leave in *Starks*, but instead issued an order with a particular and precise holding. Nothing in the order is unnecessary or extraneous to the issue on appeal.

Appellee, on the other hand, advances the interpretation the federal courts have adopted—reading *Starks* as addressing only the continuity of enterprise doctrine. However, that would be a distinction that *RDM* and *Lakeview* do not appear to follow, as they have condensed the doctrines into one, thereby obliterating any distinction *Starks* may have advanced.

Significantly, both parties agree that some form of the mere continuation exception applies outside of the products liability context, namely, in the context of a commercial creditor. Thus, both parties find a way around *Starks*, unlike the majority.[3] To the extent that cases from

---

[2] Alternatively, at oral argument appellant requested that the panel declare a conflict panel to reconcile the three cases.

[3] Moreover, it should be noted that whether the mere continuation exception or the continuity of enterprise doctrine are independent doctrines is relevant in two respects: (1) their application outside of the products liability context (discussed *supra*); and (2) the element of common ownership. As to the second point, appellee vehemently disputes there is common ownership between Colorbök LLC and Colorbök Inc. Appellee further contends that while common

this Court may conflate the mere continuation exception and the continuity of enterprise doctrine, see *id.*, I believe that the clarification from the Supreme Court is warranted.

Accordingly, while I concur in the result the majority reached, I write separately to illuminate this contradictory, but indispensable, aspect of this case.

/s/ Michael J. Riordan

---

ownership is a requirement of the mere continuation exception, it is not a requirement for the continuity of enterprise doctrine.