# STATE OF MICHIGAN

# COURT OF APPEALS

YOUNGER QUOIQUOI, also known as
YOUNGER QUIOQUIO,

      Plaintiff-Appellant,

v

LA-ASIA LEANTHONY CREWS and
ALLSTATE INSURANCE COMPANY,

      Defendants,

and

BERNARD SCOTT, JR., and TLT ENERGY,
INC.,

      Defendants-Appellees.

UNPUBLISHED
March 13, 2018

Nos. 332601; 334102
Wayne Circuit Court
LC No. 13-013632-NI

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

PER CURIAM.

In Docket No. 332601, plaintiff, Younger Quoiquoi, appeals as of right the trial court's judgment directing a verdict in favor of defendants Bernard Scott, Jr., and TLT Energy, Inc ("TLT"), in this automobile negligence action.[1] Plaintiff also challenges the trial court's earlier order setting aside defaults entered against defendants Scott and TLT. We reverse.

In Docket No. 334102, plaintiff appeals as of right the trial court's postjudgment order awarding defendants taxable costs of $14,680. We reverse.

---

[1] Defendants La-Asia Leanthony Crews and Allstate Insurance Company are not parties to this appeal. Therefore, the term "defendants" is used to refer collectively to defendants Scott and TLT only.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This consolidated appeal arises from an automobile accident that occurred shortly after noon on July 17, 2013, at the intersection of Stanley and Lorraine Avenues in Detroit. Plaintiff was a passenger in a 2004 Dodge Caravan that was owned by defendant TLT, and driven by defendant Scott. Scott was driving north on Lorraine, approaching the intersection at Stanley. A yield sign required Scott to yield to traffic traveling east and west on Stanley. As Scott was proceeding through the intersection at Stanley, his vehicle was struck by a Ford Windstar driven by defendant La-Asia Crews, which had been traveling east on Stanley and preparing to turn left onto Lorraine. Plaintiff was injured in the accident.

In October 2013, plaintiff filed this action and asserted claims for negligence against Crews, Scott, and TLT. Plaintiff also asserted claims against Allstate Insurance Company, the insurer of the vehicle owned by TLT and driven by Scott, for breach of contract for failure to pay uninsured motorist (UM) benefits, and for recovery of first-party personal injury protection (PIP) no-fault benefits.

Crews, Scott, and TLT failed to answer plaintiff's complaint. The trial court entered defaults against them in January 2014. In October 2014, defendants Scott and TLT moved to set aside the defaults. Defendants admitted that they were served and did not forward their papers to Allstate. Defendants asserted "[t]hat although Allstate was a party to the litigation based on the UM coverage, the service issues were not discussed and Plaintiff's counsel never indicated that in fact, Scott and T.L.T. had ever been served and ultimately proceeded with the entry of a default judgment." Defendants asserted that they had a meritorious defense, i.e., "the failure of Scott or T.L.T. to provide information to Allstate that they had in fact been served."

Plaintiff argued in opposition to defendants' motion that she had allowed defendants more time than necessary to answer the complaint before she filed the default on January 27, 2014. Plaintiff also indicated that her counsel had spoken with Allstate's counsel about the defaults on several occasions, and that her counsel "sent a courtesy copy of the complaint to Allstate with a cover letter indicating that its insured was being sued and action needed to be taken." Plaintiff argued that defendants did not have a reasonable excuse for their 10-month delay in failing to defend the action. Defendants were properly served and the cover letter instructed them to contact their insurance carrier, which they never did. Plaintiff also argued that defendants failed to produce admissible evidence of a meritorious defense. The trial court granted defendants' motion to set aside the defaults and bifurcated the claims against defendants and the claim for first-party no-fault benefits against Allstate.[2]

The claims against defendants proceeded to trial. At trial, Scott testified that as he was driving north on Lorraine and saw the yield sign at the intersection of Stanley Avenue. He

---

[2] Earlier, the trial court granted Allstate's motion for summary disposition of plaintiff's claim for UM coverage on the ground that there was no evidence that the uninsured party, Crews, was negligent.

claimed that he slowed down his vehicle upon approaching the intersection, and that he looked for oncoming vehicles on Stanley before entering the intersection. There was nothing that prevented him from seeing any vehicles traveling east on Stanley, and he specifically denied seeing any vehicles approaching the intersection from his left (i.e., an eastbound vehicle approaching from the west). Therefore, he proceeded through the intersection. He was almost through the intersection when the Ford Windstar driven by defendant Crews struck his vehicle on the driver's side. Scott denied seeing Crews's vehicle until it struck Scott's vehicle. Scott did not know where the vehicle came from. At the close of plaintiff's proofs, defendants moved for a directed verdict on the ground that there was no evidence showing where Crews's vehicle came from before the collision, or that Scott did anything inappropriate under the circumstances. The trial court agreed and granted defendants' motion.

Defendants subsequently moved for taxable costs under MCR 2.625, requesting costs in the amount of $35,878.81. Following a hearing, the trial court awarded defendants costs of $14,680.

## II. DOCKET NO. 332601

Plaintiff challenges both the trial court's order directing a verdict for defendants and the order granting defendants' motion to set aside the defaults. We reverse.

First, plaintiff argues that the trial court abused its discretion by granting defendant's motion to set aside defaults entered against Scott and TLT. We agree.

We review for abuse of discretion the trial court's decision to set aside a default or a default judgment. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007); *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220; 760 NW2d 674 (2008). "An abuse of discretion occurs when the court's decision results in an outcome that falls outside the range of principled outcomes." *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015). The trial court's decision "should only be reversed on appeal when there is a *clear* abuse of that discretion." *Shawl*, 280 Mich at 220 (emphasis in original).

Assuming proper notice, "[a] motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1).

> Good cause can be shown by: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008) (quotation marks and citations omitted).]

This Court has identified the following factors that a trial court should consider when determining whether a party has shown good cause to set aside a default of default judgment:

(1) whether the party completely failed to respond or simply missed the deadline to file;

(2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

(3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

(4) whether there was defective process or notice;

(5) the circumstances behind the failure to file or file timely;

(6) whether the failure was knowing or intentional;

(7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

(8) whether the default judgment rests in an ongoing liability (as with paternity or child support); and

(9) if an insurer is involved, whether internal policies of the company were followed. [*Id*. at 238.]

In determining whether a meritorious defense has been established, the trial could should consider whether the submitted affidavit sets forth evidence that:

(1) the plaintiff cannot prove or defendant can disprove any element of the claim or statutory requirements;

(2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

(3) the plaintiff's claim rests on evidence that is inadmissible. [*Id*.]

The aforementioned lists are not exhaustive or exclusive. *Id*. at 239. "[T]he trial court should consider only relevant factors, and it is within the trial court's discretion to determine how much weight any single factor should receive." *Id*. The trial court's decision should be based on the totality of the circumstances. *Id*. at 237. Further, "the strength of the defense obviously will affect the 'good cause' showing that is necessary. In other words, if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required. . . ." *Aiken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233-234; 600 NW2d 638 (1999).

In moving to set aside the default, defendants argued that plaintiff's failure to notify Allstate of her separate claims against defendants, as well as defendants' mistaken belief that Allstate's appearance satisfied their own obligation to answer the complaint, provided a reasonable excuse for their failure to answer the complaint. Defendants also argue that a lesser showing of good cause was sufficient because of the strength of their meritorious defense (i.e.,

-4-

that the traffic crash report attributed the accident to "unknown, hazardous action to both drivers," plaintiff's injuries did not constitute a serious impairment of bodily function, and defendant's failure to turn over the lawsuit to Allstate) to prevent a manifest injustice. On appeal, defendants emphasize that their meritorious defense was further substantiated by the trial court's order directing a verdict in their favor at trial.

However, we conclude that there was not good cause to set aside the default. The first, second, fourth, and eighth factors enumerated in *Shawl* actually weighed *against* setting aside the default. Defendants did not merely miss the deadline for filing a response; they were inert for approximately 10 months, from October or November 2013 until September 2014. Process was not defective. Regarding factor six, defendants claimed that their failure to timely file an answer was not intentional because they expected that Allstate would handle everything. However, in January 2014, plaintiff's counsel sent letters to defendants notifying them that they were in default and advising them that they needed to contact their insurance company, otherwise they risked being held liable for any damages awarded to plaintiff. Defendants did not do so, and they did not move to set aside the defaults until September 2014. Further, plaintiff's counsel sent a letter to Allstate indicating that their insured were being sued and action needed to be taken. Plaintiff's counsel also sent Allstate a courtesy copy of the complaint and spoke with Allstate's counsel on several occasions about the defaults. The third, seventh, eighth, and ninth factors appear to be irrelevant.

Defendants further argue that Allstate's alleged negligence should not be imputed to them. In *Shawl*, 280 Mich App 231, this Court agreed that "[a]defendant who diligently turns over a case to an ultimately negligent insurer should not be denied his or her day in court" and that a defendant "is not "obligated to call daily to see whether the insurer did what it had contracted and accepted a premium to do." (citations omitted.) However, defendants here did not diligently submit their case to their insurer. They erroneously assumed that because Allstate was listed as a defendant, Allstate would take care of the matter without their involvement. This assumption was not reasonable, especially considering that defendants were twice informed by plaintiff that they should notify Allstate that they had been served, and that a default had been entered against them. There was no other apparent reason excusing defendants' failure to timely respond to the complaint. Because defendants failed to show good cause, we conclude that the trial court's decision to set aside the defaults fell outside the range of reasonable and principled outcomes.

Plaintiffs further take issue with the trial court having granted defendant's motion for a directed verdict at trial. However, because we conclude that the default should not have been set aside, this case should not have proceeded to trial, and judgment in favor of defendants must be vacated. Plaintiff's arguments as they relate to the directed verdict are therefore moot, and we need not address them. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

We vacate the trial court's order setting aside the defaults and the trial court's judgment in favor of defendants, and we remand this case to the trial court for further proceedings consistent with this opinion.

## II. DOCKET NO. 334102

In Docket No. 334102, plaintiff challenges the trial court's order awarding defendants costs under MCR 2.625(A)(1), which authorizes an award of costs to a "prevailing party" in an action. "The determination whether a party is a 'prevailing party' for the purpose of awarding costs under MCR 2.625 is a question of law, which this Court reviews de novo." *Fansler v Richardson*, 266 Mich App 123, 126; 698 NW2d 916 (2005). In light of our decision in Docket No. 332601 to vacate the trial court's order setting aside the defaults entered against defendants and to vacate the court's judgment directing a verdict in favor of defendants, defendants are no longer prevailing parties entitled to costs.[3] Cf. *Ivezaj v Auto Club Ins Ass'n*, 275 Mich App 349, 365-367; 737 NW2d 807 (2007). Accordingly, we reverse and vacate the trial court's order awarding defendants costs of $14,680.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter

---

[3] We reject defendants' argument that plaintiff did not preserve this issue because she did not argue below that the judgment for taxation of costs should be vacated if she prevailed in her appeal of the trial court's judgment in favor of defendants. This issue concerns the remedy for a successful appeal. Accordingly, the appropriate forum for raising the issue is this Court, not the trial court.