ELLIOTT GROCER CO. *v.* FIELD'S PURE FOOD MARKET, INC.

1. Fraudulent Conveyances—Bulk Sales—Notice—Fixtures.
   Sale of fixtures of corporation which thereupon ceased doing business *held*, void as to creditor to whom no notice had been given as provided in bulk sales act (2 Comp. Laws 1929, §§ 9545-9547).

2. Statutes—Construction of "And."
   Whenever it is necessary to accomplish the obvious purpose of a statute the word "and" may be read not only in the conjunctive but also in the disjunctive.

3. Same—Intent.
   In construing a statute it is the duty of the court to ascertain the clear intention of the legislature.

4. FRAUDULENT CONVEYANCES—BULK SALES—FIXTURES.

> Bulk sales act providing that "the sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade * * * shall be void as against the creditors of the seller, transferor, assignor" unless such creditors are notified of the sale is construed as applicable to a sale of fixtures alone so as to void it, as the act is aimed at preventing the sale otherwise than in the regular course of trade of the visible assets of one who in his business possesses and uses merchandise and fixtures (2 Comp. Laws 1929, § 9545).

Appeal from Eaton; McPeek (Russell R.), J. Submitted June 8, 1938. (Docket No. 40, Calendar No. 40,067.) Decided October 5, 1938.

Garnishment proceedings by Elliott Grocer Company, a Michigan corporation, against Field's Pure Food Market, Inc., a Michigan corporation, principal defendant, and Marshall W. Field, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Gregg, Thompson & Glassen,* for plaintiff.

*Rosslyn L. Sowers,* for defendant.

NORTH, J. The plaintiff recovered a judgment against the principal defendant in the amount of $665.04, and now proceeds against the garnishee defendant Field for satisfaction of that judgment. Marshall W. Field, president and principal stockholder of the Field's Pure Food Market, Inc., a Michigan corporation, purchased from that corporation certain of its fixtures paying therefor $1,250. The bill of sale is dated April 15, 1933, and on that date the corporation ceased doing business. At the time of the sale no notice was given to creditors of

the corporation, and for that reason plaintiff, one of the creditors, contends that the case comes within the bulk sales law. 2 Comp. Laws 1929, §§ 9545–9547 (Stat. Ann. §§ 19.361–19.363). Section 9545 in part provides:

"The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the seller, transferor or assignor, shall be void as against the creditors of the seller, transferor, assignor," unless certain steps provided in the statute are taken by the seller and purchaser.

Appellant contends that since there was only a transfer of certain fixtures without any transfer of merchandise, the act is not applicable. With this we do not agree. Instead the instant case is controlled by *Michigan Packing Co.* v. *Messaris,* 257 Mich. 422. While that case arose under the bulk mortgage statute (2 Comp. Laws 1929, § 9548 *et seq.*), it will be noted that the pertinent portion of that statute is practically identical with the language we are now considering from 2 Comp. Laws 1929, § 9545. Although the *Michigan Packing Company Case* was decided subsequent to the amendment (Act No. 198, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 9548 *et seq.*, Stat. Ann. § 19.371 *et seq.*]), the transaction there involved arose prior to the amendment; and we held a mortgage which covered restaurant fixtures only was invalid as against a creditor because the statutory notice was not given. While the precise question now presented was not specifically urged in the *Michigan Packing Company Case,* still it is clear that we there considered a mortgage of

fixtures only as one coming within the statutory provision.

We are mindful it is pointed out in appellant's brief that 2 Comp. Laws 1929, § 9548 (bulk mortgage act) formerly read, "Every mortgage * * * of the whole or any part of a stock of merchandise or merchandise *and* fixtures" but by Act No. 198, Pub. Acts 1931, this portion of the section was changed to read, "Every mortgage * * * of the whole or any part of a stock of merchandise *or* fixtures or merchandise and fixtures;" and from this appellant reasons that prior to the amendment the act was not applicable to a mortgage of fixtures only. As noted above, our decision in the *Michigan Packing Company Case* is not in accord with this contention. Further, we think the 1931 amendment of the bulk mortgage act above noted was one which merely clarified the meaning of the statute and the intent of the legislature, rather than one which affected a change in the scope, purpose, or actual provisions of the act.

The only change effected by the quoted amendment of the bulk mortgage law was expressly to place in the wording of the statute both the conjunctive and disjunctive, instead of leaving it a matter of statutory construction by which the conjunction "and" in the quoted provision before the amendment would be read as also meaning "or." Whenever it is reasonably necessary to accomplish the obvious purpose of a statute the word "and" may be read not only in the conjunctive but also in the disjunctive. Such has been the construction given by this court even to statutes constituting a part of our criminal law. See *People* v. *Harrison*, 194 Mich. 363.

"In the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature. In order to do this, courts are often compelled to construe 'or' as meaning 'and,' and again 'and' as meaning 'or.' " *United States* v. *Fisk,* 3 Wall. (70 U. S.) 445.

The bulk sales statute is aimed at preventing the sale otherwise than in the regular course of trade of the visible assets of one who in his business possesses and uses merchandise and fixtures. *Patmos* v. *Grand Rapids Dairy Co.,* 243 Mich. 417. The law by so providing at least minimized resort to a method of defrauding creditors formerly too often successfully used. The construction hereinbefore adopted not only is in harmony with our decision in *Michigan Packing Co.* v. *Messaris, supra,* but it is in furtherance of accomplishing the obvious legislative intent which prompted enactment of. the statute. We adhere to this construction notwithstanding some courts in other jurisdictions under very similar statutes have reached an opposite conclusion; but in so doing we think an ultra strict construction was given to the statutory provision.

The judgment entered in the circuit court is affirmed, with costs to appellee.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.