# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v ALLEN

Docket No. 160594. Argued on application for leave to appeal April 7, 2021. Decided July 27, 2021.

Erick R. Allen was convicted following a jury trial in the Monroe Circuit Court, Michael A. Weipert, J., of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and was sentenced as a fourth-offense habitual offender, MCL 769.12, to a prison term of 30 months to 15 years. Defendant committed this offense while on parole, but the Michigan Department of Corrections (the MDOC) did not file a parole detainer against him when he was arrested. Defendant was released from the Monroe County Jail on July 13, 2017, on a personal recognizance bond. Defendant subsequently missed two court dates, and the district court issued a bench warrant for his arrest. He was arrested on that bench warrant on August 17, 2017. The district court turned his personal recognizance bond into a cash/surety bond of $5,000. Defendant was unable to post bond, and he remained in jail. On August 31, 2017, the district court changed his bond back to a personal recognizance bond so that defendant could participate in a drug treatment program. However, defendant brought drugs with him to the program, and he tested positive for cocaine on September 5, 2017. That same day, defendant was arrested, and the MDOC filed a parole detainer against defendant under MCL 791.239 asking the Monroe County Jail to hold defendant "until further notice." After being bound over, defendant was convicted by a jury on January 8, 2018, of possession of less than 25 grams of cocaine. Defendant remained in jail until his sentencing on March 1, 2018. At sentencing, defendant made no request to be given credit for time served. Although the court believed that defendant was not legally entitled to any jail credit because of his status as a parolee, it stated that it would use its discretion to give defendant some credit for the time served prior to sentencing. Defendant spent approximately 195 days in jail prior to sentencing, 17 of which came before the MDOC filed a parole detainer against him. Defendant appealed in the Court of Appeals, arguing that the circuit court erred by not granting any jail credit for the total time he spent in jail. According to defendant, the circuit court's decision violated MCL 769.11b, which generally requires a trial court to grant jail credit for a convicted person's time served in jail prior to sentencing when the person is unable to furnish bond. The Court of Appeals affirmed, concluding that *People v Idziak*, 484 Mich 549 (2009), foreclosed any relief. 330 Mich App 116 (2019). Defendant sought leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on the application to address whether (1) *Idziak* encompasses parolees who are arrested for a new offense but are not subject to a parole detainer;

if so, (2) whether that part of *Idziak*'s holding was correctly decided; and (3) whether defendant had established plain error affecting his substantial rights. 505 Mich 1045 (2020).

In a unanimous opinion by Justice VIVIANO, the Supreme Court, in lieu of granting leave to appeal, *held*:

Under MCL 769.11b, individuals are entitled to jail credit if they are held in jail pending trial because they were denied or were unable to furnish bond. In this case, on September 5, 2017, parole officials issued a parole detainer under MCL 791.239, which provides for warrantless arrests and detention of parolees whom parole officials reasonably suspect have violated parole. Under MCL 791.239, once the parole officials have issued an arrest warrant under MCL 791.238 for the parole violation or have reasonable grounds for suspecting a violation, the named officials can arrest the parolee or detain the paroled prisoner in jail or both. MCL 791.239 provides that parole officials may seek detention of a parolee who has already been arrested on new charges, as occurred here. Until the MDOC issued that detainer in the instant case, defendant spent a total of 17 days in jail. Because this portion of defendant's jail time resulted solely from his inability to furnish bond, all the requirements of the jail-credit statute, MCL 769.11b, were met and he was entitled to credit for those 17 days. But when the MDOC issued the detainer, the Monroe County Jail was authorized under MCL 791.239 to detain defendant on different grounds altogether. At that point, defendant was held in jail not because of any bond determination on the new criminal charges but because MDOC officials ordered him to be held on the basis of the suspected parole violation. From that time, the terms of the jail-credit statute were not met, and his entitlement to credit under that statute ended. Nothing in *Idziak* precluded this straightforward application of the statutes. In fact, *Idziak*'s logic supported the conclusion here. *Idziak* analyzed a different parolee-detention statute, MCL 791.238, under different facts. *Idziak* broadly stands for the proposition that once the parole officials properly invoke their statutory authority to detain a parolee, that parolee is not entitled to jail credit under MCL 769.11b. In *Idziak*, the invocation of MCL 791.238 occurred at the time of detention, i.e., the time of arrest, and thus there was no period in which the parolee was being detained on the new charges because of denial of or inability to furnish bond. In this case, the parole officials invoked their detention powers under MCL 791.239 only after defendant had been detained for a total of 17 days. In each case, the MDOC's invocation of its detention authority served as the key point after which no jail credit could be awarded. Accordingly, parolees who are not arrested or detained under MCL 791.238 or arrested under MCL 791.239 who spend time in jail because of the denial of or inability to furnish bond are entitled to jail credit until the MDOC files a parole detainer under MCL 791.239. Defendant in this case spent 17 days in jail prior to the filing of the detainer and is entitled to credit against his sentence on the new criminal charges because he satisfied the plain-error standard. The plain-error test has four elements: error must have occurred; the error was plain, i.e., clear or obvious; the plain error affected substantial rights; and an appellate court must exercise its discretion in deciding whether to reverse once a defendant satisfies the first three requirements. In this case, defendant showed that the trial court and Court of Appeals erred as a matter of law by holding that he was not legally entitled to jail credit; *Idziak*, despite its broad holding, did not address the situation present in this case. This clear legal error was apparent on the record and satisfied the first two prongs of the plain-error test. Defendant also established prejudice because as a result of the trial court's decision not to award jail credit to defendant for the 17 days for which he was entitled to that credit, defendant spent an extra 17 days in jail that the law did not require of him. Consequently, he was deprived of his liberty for an extra 17 days. The trial court's error affected the outcome of

the trial court proceedings and the fairness, integrity, or public reputation of judicial proceedings because it led to increased incarceration time for defendant and greater deprivation of his liberty when the law did not require that of him. Even though the trial court gave defendant a lesser minimum sentence to account for the days he spent in jail awaiting trial, the record did not demonstrate that the trial court explicitly considered the 17 days that defendant spent in jail prior to the parole detainer being filed. More importantly, the trial court's sentencing decision was an act of discretion. But under MCL 769.11b, it was mandatory that defendant be awarded credit for the 17 days at issue because no parole detainer had yet been filed. Accordingly, defendant's sentence had to be vacated and the case remanded for resentencing to give defendant credit for the 17 days.

Court of Appeals judgment reversed; defendant's sentence vacated; and case remanded to the Monroe Circuit Court for resentencing to grant defendant credit for the time he spent in jail prior to the MDOC's filing of a parole detainer against him.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED July 27, 2021

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 160594

ERICK ROSEAN ALLEN,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

This case presents the issue whether a parolee defendant is entitled to jail credit under MCL 769.11b when the Michigan Department of Corrections (the MDOC) has not yet filed a parole detainer against the defendant. We conclude that jail credit must be given in this situation and that our holding in *People v Idziak*, 484 Mich 549; 773 NW2d 616 (2009), broadly speaking, supports that determination. Further, because the trial court did not grant defendant the jail credit to which he is entitled, defendant has demonstrated plain

error affecting his substantial rights. Defendant is entitled to jail credit for the 17 days he spent in the Monroe County Jail prior to the MDOC filing a parole detainer against him. Therefore, we reverse the Court of Appeals' judgment to the contrary, and we remand the case to the Monroe Circuit Court for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

In 2013, defendant pleaded guilty to assaulting, resisting, and obstructing a police officer, MCL 750.81d, and he was sentenced as a fourth-offense habitual offender to 2½ to 15 years in prison. He was subsequently released on parole for that offense. On July 12, 2017, while on parole, defendant was arrested for possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(v). The MDOC did not file a parole detainer against him at that time.[1] He was released from the Monroe County Jail the next day, July 13, 2017, on a personal recognizance bond. Defendant subsequently missed two court dates, and the district court issued a bench warrant for his arrest. He was arrested on that bench warrant on August 17, 2017. The district court turned his personal recognizance bond into a cash/surety bond of $5,000. Defendant was unable to post bond, and he remained in jail. On August 31, 2017, the district court changed his bond back to a personal recognizance bond so that defendant could participate in a drug treatment program. However, defendant brought drugs with him to the program, and he tested positive for cocaine on September 5, 2017. That same day, defendant was arrested, and the MDOC filed a parole detainer against defendant under MCL 791.239 asking the Monroe County Jail to hold defendant

---

[1] As will be discussed in detail below, parole detainers are issued by the MDOC to ensure that county jails hold parolees who are already in jail until the hold is removed.

2

"until further notice." After being bound over from the district court, defendant was convicted by a jury on January 8, 2018, of possession of less than 25 grams of cocaine.

Defendant remained in jail until his sentencing on March 1, 2018. At sentencing, he made no request to be given credit for time served. The circuit court sentenced defendant near the top end of his 0 to 34 months' minimum sentencing guidelines range, rejecting a probation department recommendation of six months' imprisonment. Although the court believed that defendant was not legally entitled to any jail credit because of his status as a parolee, it stated that it would use its discretion to give defendant some credit for the time served prior to sentencing:

> I'll do this, Mr. Allen, because I know it's contrary to statute to give any credit while you're on parole, but I'm making a count for some of the time that you sat in there. I'm gonna do this, I'm gonna sentence you to serve 30 months to a maximum of 180 months in state prison, Michigan Department of Correction. Unfortunately, I cannot give you any credit for time served, and this time must run consecutive to any parole.

All told, defendant spent approximately 195 days in jail prior to sentencing, 17 of which came before the MDOC filed a parole detainer against him.

Defendant appealed in the Court of Appeals, arguing that the circuit court erred by not granting any jail credit for the total time he spent in jail. According to defendant, the circuit court's decision violated MCL 769.11b, which generally requires a trial court to grant jail credit for a convicted person's time served in jail prior to sentencing when the person is unable to furnish bond. The Court of Appeals affirmed, concluding that our decision in *Idziak* foreclosed any relief. "[W]hile *Idziak* may not have squarely addressed the detainer issue, its analysis covers both circumstances in which a detainer is issued and

in which one was not issued. And, in either case, the parolee is not entitled to any credit for time served on the new offense."[2]

Judge CAMERON concurred with the majority but wrote separately to examine the merits of the prosecution's concession on appeal that defendant was entitled to 17 days of jail credit for the time defendant spent imprisoned before a parole detainer was filed.[3] He concluded that the plain language of MCL 769.11b precluded an award of jail credit to a parolee defendant after a parole detainer is filed.[4] However, he opined that if no parole detainer had yet been filed but the defendant still remained in jail, the prosecution's concession "is entirely consistent with the plain and unambiguous language of the jail credit statute" because the parolee was being held "for no other reason than his inability to furnish bond."[5] Nevertheless, he agreed that *Idziak* "allow[ed] no room to apply MCL 769.11b to parolees" and, thus, that defendant was not entitled to any credit.[6]

Thereafter, defendant sought leave to appeal in this Court, and we ordered oral argument on the application to address: "(1) whether this Court's holding in [*Idziak*] encompasses parolees who are arrested for a new offense but are not subject to a parole

---

[2] *People v Allen*, 330 Mich App 116, 122; 944 NW2d 433 (2019).

[3] On appeal in the Court of Appeals, the prosecution changed course and conceded that defendant was entitled to jail credit for the 17 days spent in jail before the detainer was filed given that he "was being held solely because he could not furnish bond."

[4] *Allen*, 330 Mich App at 125-126 (CAMERON, J., concurring).

[5] *Id*. at 126-127 (quotation marks omitted).

[6] *Id*. at 127.

4

detainer; if so, (2) whether that part of *Idziak*'s holding was correctly decided; and (3) whether the appellant has established plain error affecting his substantial rights."[7]

## II. STANDARD OF REVIEW

Defendant did not request jail credit at sentencing or object to the trial court's sentence prior to raising the issue before the Court of Appeals; therefore, the issue is unpreserved on appeal.[8] Unpreserved, nonconstitutional errors are reviewed for plain error.[9] Underlying questions of statutory interpretation are reviewed de novo.[10] "In every case requiring statutory interpretation, we seek to discern the ordinary meaning of the language in the context of the statute as a whole."[11]

## III. ANALYSIS

Under MCL 769.11b, individuals are entitled to jail credit if they are held in jail pending trial because they were denied or were unable to furnish bond. The question here is whether the arrestee is entitled to this credit when he or she had been on parole at the time of the arrest but the parole officials have not yet sought to detain on the basis that the

---

[7] *People v Allen*, 505 Mich 1045, 1045 (2020).

[8] See *People v Clark*, 315 Mich App 219, 224; 888 NW2d 309 (2016) ("[D]efendant's sentence-credit argument is unpreserved because he did not request credit for time served at sentencing or object to the trial court order that denied him sentence credit.").

[9] *People v Grant*, 445 Mich 535, 552-553; 520 NW2d 123 (1994).

[10] See *People v Kowalski*, 489 Mich 488, 497; 803 NW2d 200 (2011).

[11] *TOMRA of North America, Inc v Dep't of Treasury*, 505 Mich 333, 339; 952 NW2d 384 (2020).

new arrest constituted a parole violation, i.e., they have not yet issued a warrant, arrested, or sought to detain the parolee due to the possible parole violation. Here, defendant spent 17 days in jail before the MDOC filed a parole detainer against him.[12] Defendant contends that MCL 769.11b requires jail credit for parolees when no parole detainer has been issued. The denial of the credit, according to defendant, establishes plain error, and the 17 extra days he spent in jail establishes prejudice. The prosecution, changing its position from the one it had advanced in the Court of Appeals, argues that defendant is not entitled to jail credit under *Idziak*. To resolve this issue, we must determine whether defendant is legally entitled to jail credit and, if so, whether he has established plain error affecting his substantial rights.

## A.  JAIL CREDIT[13]

Our analysis begins with MCL 769.11b, which provides, in pertinent part:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

This statute provides that if a defendant has spent time in jail because he or she is denied or unable to furnish bond, the trial court "shall specifically grant credit against the

---

[12] On appeal, both parties agree that the period at issue is 17 days.

[13] Courts have used the terms "sentence credit" and "jail credit" synonymously when describing the credit awarded for time spent in jail under MCL 769.11b. Compare *Idziak*, 484 Mich at 552 (using "jail credit"), with *People v Prieskorn*, 424 Mich 327, 330; 381 NW2d 646 (1985) (using "sentence credit"). For ease of reference, this opinion uses the term "jail credit" because *Idziak* used that term.

6

sentence" for the time served.[14] Thus, the trial court must grant jail credit when a defendant is held in jail for the offense of which he or she is ultimately convicted if he or she is denied or unable to furnish bond for that offense.[15]

It follows from this statute that individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail credit. As is discussed in greater detail below, one such reason is that the individual was a parolee who was arrested on a new charge that might also constitute a violation of his or her parole. In these circumstances, parole officials may issue a warrant for the return of a parolee to a state penal institution under MCL 791.238 or require that the parolee be arrested without a warrant or detained in any jail of the state or both under MCL 791.239. If the parole officials properly invoke one of these statutes, the individual is not being held because of a bond determination on the new charge but because the parole officials want him or her held to face the possible parole violation charges. Put differently, once the individual is held for the parole violation, his or her continued detention has nothing to do with a denial of or inability to furnish bond in the new criminal proceeding. And once the individual is not being held because he or she was denied or unable to furnish bond in that proceeding, he or she is no longer entitled to jail credit under MCL 769.11b toward any sentence imposed in the new proceeding.

---

[14] MCL 769.11b.

[15] See also *Prieskorn*, 424 Mich at 341 (clarifying that the Legislature has limited a defendant's entitlement to credit to time served "for the offense of which he is convicted" and not for any other conviction).

Entitlement to jail credit thus ends when detention for the parole violation begins. Here, on September 5, 2017, parole officials issued a parole detainer under MCL 791.239, which provides for warrantless arrests and detention of parolees whom parole officials reasonably suspect have violated parole:

> A probation officer, a parole officer, a peace officer of this state, or an employee of the department other than a probation or parole officer who is authorized by the director to arrest parole violators *may arrest without a warrant and detain in any jail of this state a paroled prisoner*, if the probation officer, parole officer, peace officer, or authorized departmental employee has reasonable grounds to believe that the prisoner has violated parole or a warrant has been issued for his or her return under [MCL 791.238]. [Emphasis added.]

Under this section, once the parole officials have issued an arrest warrant under MCL 791.238 for the parole violation or have reasonable grounds for suspecting a violation, the named officials can arrest the parolee or detain the paroled prisoner in jail or both. Under MCL 791.239, parole officials may seek detention of a parolee who has already been arrested on new charges, as occurred here.[16]  As Judge CAMERON described in his

---

[16] The statute contains the conjunctive "and," which might lead one to believe that it requires *both* a warrantless arrest *and* a detention, such that one cannot be done without the other. That is, the word "and" might suggest that detention is inappropriate unless the individual was arrested for the suspected parole violation without a warrant. While it is true that "and" generally denotes a joinder of terms—whereas the word "or" is a "disjunctive, used to indicate a disunion, a separation, an alternative," *Mich Pub Serv Co v Cheboygan*, 324 Mich 309, 341; 37 NW2d 116 (1949)—"and" can also be used as a disjunctive if the context so requires. See *Elliott Grocer Co v Field's Pure Food Market, Inc*, 286 Mich 112, 115; 281 NW 557 (1938). Here, the context mandates a disjunctive reading of "and" because the statute specifically states that the warrantless arrest and detention is permitted if the appropriate parole official either reasonably suspects a parole violation or obtained a warrant under MCL 791.238(1). That statute, in turn, states that "upon a showing of probable violation of parole," a named parole official "may issue a warrant for the return of any paroled prisoner." MCL 791.238(1). If the parolee is arrested

8

concurring opinion, in these circumstances the MDOC issues a parole detainer ordering the jail to detain parolees who are already in the jail.[17] The parole detainer in the present case, for example, was addressed to the "Monroe County Jail" and stated that "[p]ursuant to Section 39 of Act. No. 314, Public Acts of 1982 [i.e., MCL 791.239], please detain in your custody until further notice the parolee named below [i.e., defendant]."

Until the MDOC issued that detainer in the instant case, defendant spent a total of 17 days in jail. Because this portion of defendant's jail time resulted solely from his inability to furnish bond, all the requirements of the jail-credit statute, MCL 769.11b, were met and he is entitled to credit for those 17 days. But when the MDOC issued the detainer, the Monroe County Jail was authorized under MCL 791.239 to detain defendant on different grounds altogether. At that point, defendant was held in jail not because of any bond determination on the new criminal charges but because MDOC officials ordered him to be held on the basis of the suspected parole violation (which, in this case, was the same

---

pursuant to such a warrant, then a warrantless arrest has not occurred for purposes of MCL 791.239. Yet, MCL 791.239 nonetheless contemplates that the parolee can be detained in these circumstances. It follows that MCL 791.239 authorizes detention irrespective of the issuance of a warrant, as long as the parole official has a reasonable basis for believing that the parolee has violated parole.

[17] *Allen*, 330 Mich App at 124 n 1 (CAMERON, J., concurring). The MDOC's official policy further describes the role that these detainers play:

> If a parolee is held in custody on either a parole violation charge or a criminal charge which may result in the issuance of parole violation charges, the field agent shall ensure that a Parole Detainer (CFJ-108) is filed with the law enforcement agency holding the parolee. Prior to filing the detainer, the field agent shall ensure that the parolee has been properly identified. [MDOC, *Parole Violation Process*, PD 06.06.100 (July 1, 2018), p 2.]

conduct that led to the new charges).[18]  From that time, the terms of the jail-credit statute

were not met, and his entitlement to credit under that statute ended.[19]

---

[18] See 2 Gillespie, Michigan Criminal Law & Procedure (2d ed, 2019 rev), § 22:144, p 320 ("[Jail credit] is not awarded where the person is being held on a parole detainer, even one from another state, as the person is being held for that purpose and not on the charged offense.").

[19] MCL 791.238(6) and MCL 768.7a(2), when read together, do not mandate a different conclusion.  MCL 791.238(6) provides that a prisoner on parole has merely left the prison; "[w]hile at large, the paroled prisoner shall be considered to be serving out the sentence imposed by the court . . . ."  MCL 768.7a(2) provides that

> [i]f a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense *shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense*.  [Emphasis added.]

In other words, these statutes provide that a parolee is still serving out his or her original sentence while on parole, and if he or she is convicted of an offense while on parole, the sentence for the later offense must be consecutive to the sentence for the first offense.  A colorable argument could be made that a trial court may not award jail credit for any period of time that a defendant is on parole because the two sentences would no longer be consecutive.

We do not believe that these sections warrant a different outcome in our analysis.  This argument brings the plain language of MCL 769.11b and MCL 791.238(2), as outlined above, in conflict with MCL 791.238(6) and MCL 768.7a(2).  When there is a potential conflict between statutes, "it is our duty to, if reasonably possible, construe them both so as to give meaning to each; that is, to harmonize them."  *TOMRA*, 505 Mich at 349 (quotation marks and citation omitted).  Here, these statutes can be reconciled.  Jail *credit* is not synonymous with a defendant's *sentence*.  If a defendant is sentenced for a new crime, the court, under MCL 769.11b, "shall" give the defendant credit for time spent in jail for being unable to furnish bond.  When a parolee spends time in jail for a new offense *prior to conviction* without a parole detainer being filed, he or she is not serving a sentence for the later conviction because he or she has not yet been convicted or sentenced.  See *Black's Law Dictionary* (5th ed) (defining "sentence" as the "judgment formally pronounced by the court or judge upon the defendant *after his conviction* in a criminal prosecution, imposing the punishment to be inflicted") (emphasis added).  Instead, the

Nothing in *Idziak* precludes this straightforward application of the statutes. In fact, *Idziak*'s logic supports our conclusion here. Our opinion in that case analyzed a different parolee-detention statute under different facts. The statute at issue in *Idziak* was MCL 791.238, which provides another way for MDOC parole officials to have a parolee detained in jail:

> (1) Each prisoner on parole shall remain in the legal custody and under the control of the department. The deputy director of the bureau of field services, upon a showing of probable violation of parole, *may issue a warrant for the return of any paroled prisoner.* Pending a hearing upon any charge of parole violation, the prisoner shall remain incarcerated.

> (2) *A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued* by the deputy director of the bureau of field services is treated as an escaped prisoner and *is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served.* The warrant of the deputy director of the bureau of field services is a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution. [MCL 791.238(1) and (2) (emphasis added).]

---

defendant is accruing credit in case he or she is ultimately convicted and sentenced. Therefore, if a parolee is arrested, convicted, and sentenced for a new offense but spent time in jail on the new offense before a parole detainer was filed, the sentence for the new offense still begins after the original sentence ends, giving effect to MCL 791.238(6) and MCL 768.7a(2). However, the defendant may still receive *credit* for preconviction jail time because the sentence commenced only after the first sentence expired, giving effect to MCL 769.11b and MCL 791.238(2). The time spent in jail prior to conviction for which one is given credit is not the legal equivalent of serving a sentence for the later conviction. Therefore, because a construction exists that harmonizes the statutes, MCL 791.238(6) and MCL 768.7a(2) should not be interpreted to negate the clear directive of MCL 769.11b and MCL 791.238(2).

MCL 791.238 creates a warrant-based process for arresting and detaining a parolee. It allows for arrests pursuant to a warrant, and it allows the warrant to serve as a detainer.[20] Judge CAMERON aptly described the difference between this process and the parole detainer issued under MCL 791.239 in this case:

> [T]here is a considerable difference between MDOC arrest warrants issued under MCL 791.238(2) and MDOC parole detainers like the one issued in this case. An MDOC arrest warrant authorizes the arrest of suspected parole violators who are not already in custody. Our Legislature has made the clear policy decision that these not-in-custody parolees shall not receive credit against their prison sentence because they are considered to be "escaped prisoners." Parole detainers, on the other hand, are issued by the MDOC in order to ensure that county jails detain parolees who are already in jail until the parole hold is removed.[21]

*Idziak*'s analysis centered on MCL 791.238(2).[22] Examining the text of that provision, we observed that "the time *after* 'the date of the prisoner's availability for return to an institution' *is* to be counted as time served against the parolee's original sentence."[23] When the parolee became available for return to the state institution—which we said usually occurred at the time of arrest—he or she resumed serving his or her prior sentence

---

[20] MCL 791.238(2).

[21] *Allen*, 330 Mich App at 125 n 1 (CAMERON, J., concurring).

[22] The majority opinion in *Idziak* did not describe the circumstances under which the defendant was detained in jail, and Justice MARKMAN's dissent merely mentioned in passing that a detainer had been filed. See *Idziak*, 484 Mich at 603 (MARKMAN, J., dissenting). Regardless, we applied MCL 791.238(2), and our analysis and holding was thus limited to that section. We have no reason to believe—nor need we decide whether—*Idziak* erred by applying MCL 791.238 rather than MCL 791.239 to the facts of that case.

[23] *Id*. at 565 (opinion of the Court), quoting MCL 791.238(2).

and therefore was no longer being held in jail because of being denied or unable to furnish bond in the new case.[24]  Consequently, *Idziak* held that under MCL 791.238(2), a parolee is generally not entitled to jail credit after arrest.[25]

We believe that *Idziak* broadly stands for the proposition that once the parole officials properly invoke their statutory authority to detain a parolee, that parolee is not entitled to jail credit under MCL 769.11b.  In *Idziak*, the invocation of MCL 791.238 occurred at the time of detention, i.e., the time of arrest, and thus there was no period in which the parolee was being detained on the new charges because of denial of or inability to furnish bond.  In this case, the parole officials invoked their detention powers under MCL 791.239 only after defendant had been detained for a total of 17 days.  In each case,

---

[24] *Id*. at 565-567.

[25] *Idziak* contained a few broader statements suggesting that the date of arrest was *always* the relevant date.  See *id.* at 552 ("We hold that, under MCL 791.238(2), the parolee resumes serving his earlier sentence on the date he is arrested for the new criminal offense.").  But we made clear that the date of availability for return to the MDOC was the relevant date, "which in [*Idziak*] is synonymous with the date of his arrest."  *Id*. at 566.

Under MCL 791.238(6), all parolees are treated as serving out their original sentence while on parole.  But MCL 791.238(2) suspends the running of that sentence when the prisoner has violated parole and a warrant has been issued by the deputy director of field services.  The suspension of the sentence occurs from the "date of the declared violation to the date of the prisoner's availability for return to an institution . . . ."  MCL 791.238(2).  As *Idziak* explained, the latter date typically is the date of arrest.  *Idziak*, 484 Mich at 566.  Thus, the suspension covers the period from the violation to the parolee's capture.  That period is considered "dead time" that is not counted toward the parole violator's *original* sentence.  See *Browning v Mich Dep't of Corrections*, 385 Mich 179, 183; 188 NW2d 552 (1971).  Whether such "dead time" also occurs in cases like this one— in which the MDOC takes no action to detain the parolee until after his or her arrest on new charges—is not before the Court.

13

the MDOC's invocation of its detention authority served as the key point after which no jail credit could be awarded.

In sum, parolees who are not arrested or detained under MCL 791.238 or arrested under MCL 791.239 who spend time in jail because of the denial of or inability to furnish bond are entitled to jail credit until the MDOC files a parole detainer under MCL 791.239. Defendant here spent 17 days in jail prior to the filing of the detainer and is entitled to credit against his sentence on the new criminal charges if he can satisfy the plain-error standard.

## B. PLAIN ERROR

Our conclusion that the relevant statutes mandate jail credit under the circumstances of this case does not end our analysis. As previously noted, this issue is ultimately reviewed for plain error because it is unpreserved. The plain-error test has four elements:

> "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) . . . the plain error affected substantial rights . . . [, and 4)] once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."[26]

---

[26] *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018), quoting *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (alteration in original).

"A 'clear or obvious' error under the second prong is one that is not 'subject to reasonable dispute.' "[27] The third prong " 'generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings.' "[28]

Defendant has shown that the trial court and Court of Appeals erred as a matter of law by holding that he is not legally entitled to jail credit. MCL 791.238(2) requires an arrest for a parole violation, and *Idziak*, despite its broad holding, did not address the situation present in this case. This clear legal error is apparent on the record, and it satisfies the first two prongs of the plain-error analysis.

We further believe that defendant has demonstrated prejudice. In *Glover v United States*, the United States Supreme Court, addressing prejudice in the context of ineffective assistance of counsel, concluded: "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."[29] Citing *Glover*, the United States Court of Appeals for the Sixth Circuit has further described that "[a]ctual prejudice also exists when there is a reasonable probability that petitioner would have avoided even 'a minimal amount of additional time in prison' were it not for counsel's performance at sentencing."[30]

---

[27] *Randolph*, 502 Mich at 10, quoting *Puckett v United States*, 556 US 129, 135; 129 S Ct 1423; 173 L Ed 2d 266 (2009).

[28] *Randolph*, 502 Mich at 10, quoting *Carines*, 460 Mich at 763.

[29] *Glover v United States*, 531 US 198, 203; 121 S Ct 696; 148 L Ed 2d 604 (2001).

[30] *Phillips v White*, 851 F3d 567, 582 (CA 6, 2017), quoting *Glover*, 531 US at 203.

15

We believe that this reasoning applies in this particular plain-error context. As a result of the trial court's decision not to award jail credit to defendant for the 17 days for which he was entitled to that credit, defendant spent an extra 17 days in jail that the law did not require of him.[31] Consequently, he was deprived of his liberty for an extra 17 days. Even though this is a "minimal" amount of jail time, it is sufficient to show prejudice. The trial court's error affected the outcome of the trial court proceedings and the "fairness, integrity or public reputation of judicial proceedings" because it led to increased incarceration time for defendant and greater deprivation of his liberty when the law did not require that of him.[32]

We acknowledge that the trial court apparently gave defendant a lesser minimum sentence to account for the days he spent in jail awaiting trial. However, the record does not demonstrate that the trial court explicitly considered the 17 days that defendant spent in jail prior to the parole detainer being filed. More importantly, the trial court's sentencing decision was an act of discretion.[33] But our conclusion today is that defendant *must* be

---

[31] We note that defendant has apparently been released on parole as of September 1, 2020. See Michigan Department of Corrections, Offender Tracking Information System, *Biographical Information for Erick Rosean Allen* <https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=470886> (accessed July 2, 2021) [https://perma.cc/7DCG-ZFAW]. This, however, does not change our analysis. If defendant had been awarded the jail credit to which he was legally entitled, he would have been eligible for parole sooner and his supervision discharge date from parole would have ended sooner. He still spent an extra 17 days in prison, prior to being released on parole, that the law did not require of him.

[32] *Randolph*, 502 Mich at 10, quoting *Carines*, 460 Mich at 763-764.

[33] See *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990) ("We believe that judicial sentencing discretion should be exercised, within the legislatively prescribed

16

awarded credit for the 17 days at issue because no parole detainer had yet been filed.  Under MCL 769.11b, "the trial court in imposing sentence *shall specifically grant credit* against the sentence for such time served in jail prior to sentencing."[34]  By using "shall," the Legislature made this grant of credit mandatory.[35]  The trial court made a discretionary decision to give an indeterminate amount of credit for the time defendant spent in jail; it did not *specifically* grant him credit for the days he spent in jail prior to the filing of the parole detainer.  Therefore, we conclude that defendant has established prejudice.  Finally, because defendant was not specifically awarded credit and was instead deprived of his liberty for an additional 17 days, we vacate defendant's sentence and remand for resentencing to give defendant credit for the 17 days to which he is entitled.

## IV.  CONCLUSION

We hold that a parolee is entitled to jail credit under MCL 769.11b for time spent in jail after arrest for a new offense when the MDOC does not file a parole detainer against that parolee.  We further hold that defendant has shown plain error.  The trial court committed an error of law, and that error prejudiced defendant because he was erroneously

---

range, according to the same principle of proportionality that guides the Legislature in its allocation of punishment over the full spectrum of criminal behavior.  Thus, a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing."), abrogated, in part, on other grounds by *People v Steanhouse*, 500 Mich 453 (2017).

[34] MCL 769.11b (emphasis added).

[35] See *People v Lockridge*, 498 Mich 358, 387; 870 NW2d 502 (2015) ("As we have stated many times, 'shall' indicates a *mandatory* directive.").

17

deprived of his liberty and was not specifically awarded credit for the time he served in jail. Therefore, we reverse the Court of Appeals' holding to the contrary, vacate defendant's sentence, and remand the case to the Monroe Circuit Court for resentencing to grant defendant credit for the time he spent in jail prior to the MDOC's filing of a parole detainer against him.

David F. Viviano
Bridget M. McCormack
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch