*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEOFFREY PAINE, D.D.S.,

       Plaintiff-Appellee,

v

LAYNE GODZINA, D.D.S., and HONEST
DENTAL SOLUTIONS, P.L.L.C.,

       Defendants-Appellants.

UNPUBLISHED
July 27, 2023

No. 363530
Manistee Circuit Court
LC No. 2022-017694-CB

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

Defendants Layne Godzina, D.D.S., and Honest Dental Solutions, P.L.L.C., appeal as of right the trial court's order denying their motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis that the contractual agreement between defendants and plaintiff Geoffrey Paine, D.D.S., did not require arbitration in this matter.[1] On appeal, defendants argue that the trial court erred because the plain language of the contractual agreement requires arbitration of the parties' instant dispute regarding the non-compete clause therein. We disagree with the appellants and affirm the trial court.

## I. FACTS

The facts of this case are undisputed and straightforward. Plaintiff is a licensed dentist in Manistee County, defendant Godzina is a licensed dentist in Manistee County, and defendant

---

[1] Ordinarily, an order denying a motion for summary disposition is not appealable as of right because it is not a "final order." See MCR 7.203(A)(1). However, MCL 691.1708(1)(a) of the Uniform Arbitration Act, MCL 691.1681 *et seq.*, provides that "[a]n appeal may be taken from . . . [a]n order denying a motion to compel arbitration." Arguably, we have jurisdiction over this appeal pursuant to that statute. In any event, even if we do not, we treat the claim of appeal as an application for leave to appeal and grant it. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

Honest Dental Solutions is a Michigan professional limited liability company of which defendant Godzina is the principal member. On January 2, 2006, defendant Godzina entered into an "Association Agreement" ("Agreement") with plaintiff. The Agreement generally provided that defendant Godzina would be employed by plaintiff as an associate dentist. In relevant part, Section V of the Agreement set forth a "restrictive covenant" providing that if defendant Godzina terminated the Agreement and subsequently practiced dentistry within a 10-mile radius of plaintiff's current practice, he would be liable for certain monetary compensation to plaintiff during a 24-month period. In January 2019, defendant Godzina terminated the Agreement and established a new dental practice, defendant Honest Dental Solutions, about 0.3 miles from plaintiff's current practice.[2] However, defendant Godzina allegedly refused to comply with Section V of the Agreement and compensate plaintiff for his loss of some patients to Godzina. Plaintiff thus sued defendants, seeking damages exceeding $25,000 for breach of contract and tortious interference with contract.

On July 27, 2022, defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and (C)(8). In the accompanying brief, defendants did not dispute that defendant Godzina entered into the Agreement with plaintiff or that he opened a nearby practice competing with plaintiff in January 2019. However, defendants argued that they were entitled to summary disposition under MCR 2.116(C)(7) because plaintiff's claims were subject to an arbitration clause within the Agreement.[3] In particular, Section XIII of the Agreement provided as follows:

## XIII. ARBITRATION

Any dispute, controversy or claim between the Associate and the Employer concerning questions of fact arising under this Agreement and concerning issues related to wrongful termination (including but not limited to racial discrimination, sexual discrimination, sexual harassment, discrimination with respect to hire, tenure, terms, conditions or privileges of employment, or a matter directly or indirectly related to employment because of race, color, religion, national origin, age, sex, height, weight or marital status) shall be submitted within ninety (90) days of the occurrence giving rise to the dispute or claim to the American Arbitration Association for resolution pursuant to its Rules of Commercial Arbitration as set forth below:

A. Arbitration will occur in a location in Manistee, Michigan, to be determined by the Employer.

B. No law suit or action of law may be maintained prior to the resolution of the arbitration.

---

[2] Both dental practices are in the City of Manistee.

[3] Defendants also argued that defendant Honest Dental Solutions was entitled to summary disposition for other reasons under MCR 2.116(C)(8), but those issues are not relevant for this appeal.

C.  Judgment upon the award rendered by the arbitrator(s) may be entered in any court having competent jurisdiction thereof.

Defendants argued that under Section XIII of the Agreement, "[a]ny dispute, controversy or claim . . . concerning questions of fact arising under this Agreement" must be submitted to an arbitrator within 90 days, and because plaintiff did not do so within 90 days—or at all—his claims must be dismissed.

On August 22, 2022, plaintiff filed his response, arguing that arbitration was not required for the claims in this matter.  Specifically, plaintiff contended that the language of Section XIII of the Agreement, "[a]ny dispute, controversy or claim between the Associate and the Employer concerning questions of fact arising under this Agreement and concerning issues related to wrongful termination . . . shall be submitted . . . to the American Arbitration Association," means that arbitration is only required for claims that involve both "questions of fact arising under this Agreement" and "issues related to wrongful termination."  According to plaintiff, because this matter does not involve "issues related to wrongful termination," arbitration is not required.

On August 29, 2022, the trial court held a motion hearing, during which the parties argued consistent with their respective briefs.  On September 19, 2022, the trial court entered its opinion, concluding that arbitration was not required under the Agreement with the following reasoning:

> When looking to the plain and ordinary meaning, in light of the use of the word "and" between "concerning questions or [sic] fact arising under this Agreement <u>and</u> concerning issues related to wrongful termination," this Court finds merit in Plaintiff's argument that this limitation establishes two requirements that must be satisfied before a dispute is subject to arbitration under the agreement.  The dispute must (1) concern questions of fact arising under the agreement, and (2) concern issues related to wrongful termination, to fall within the scope of the arbitration agreement.  Accordingly, this Court finds that as written, the arbitration clause is inapplicable to the Plaintiff's claims.  Therefore, the Defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) is denied.[4]

On October 20, 2022, the trial court entered a stipulated order in accordance with its opinion.  Defendants now appeal that order.

## II.  STANDARD OF REVIEW

MCR 2.116(C)(7) provides that summary disposition is appropriate when there is "an agreement to arbitrate."  This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7).  See *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 386; 738 NW2d 664 (2007).  "Whether a particular issue is subject to arbitration is also

---

[4] Moreover, while not relevant for this appeal, the trial court also ruled that defendant Honest Dental Solutions was entitled to summary disposition of the tortious interference with contract claim pursuant to MCR 2.116(C)(8).

reviewed de novo, as is the interpretation of contractual language." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016) (citations omitted).

## III. DISCUSSION

Defendants argue that the arbitration clause, which provides that "[a]ny dispute, controversy or claim between the Associate and the Employer concerning questions of fact arising under this Agreement and concerning issues related to wrongful termination" must be submitted to arbitration, means that arbitration is required for either "questions of fact arising under this Agreement" or "issues related to wrongful termination." We disagree.

"Arbitration is a matter of contract." *Altobelli*, 499 Mich at 295 (quotation marks and citation omitted). "Accordingly, when interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation." *Id*. "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties." *Fromm v Meemic Ins Co*, 264 Mich App 302, 305; 690 NW2d 528 (2004) (quotation marks and citation omitted). "Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Altobelli*, 499 Mich at 295.

"To ascertain the arbitrability of an issue, a court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract." *Fromm*, 264 Mich App at 305-306 (cleaned up). "The court should resolve all conflicts in favor of arbitration." *Id*. at 306. "However, a court should not interpret a contract's language beyond determining whether arbitration applies and should not allow the parties to divide their disputes between the court and an arbitrator." *Id*.

"'And' is a conjunctive, used to denote a joinder, a union. 'Or' is the opposite, a disjunctive, used to indicate a disunion, a separation, an alternative." *Mich Pub Serv Comm'n v City of Cheboygan*, 324 Mich 309, 341; 37 NW2d 116 (1949). Nonetheless, "[w]henever it is reasonably necessary to accomplish the obvious purpose of a statute the word 'and' may be read not only in the conjunctive but also in the disjunctive." *Elliott Grocer Co v Field's Pure Food Market*, 286 Mich 112, 115; 281 NW 557 (1938).[5]

> The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning

---

[5] Courts may apply principles of statutory interpretation to contract interpretation. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003); *Mason Co Civ Research Council v Mason Co*, 343 Mich 313, 329; 72 NW2d 292 (1955).

of the context. [*Root v Ins Co of N Am*, 214 Mich App 106, 109; 542 NW2d 318 (1995) (quotation marks and citation omitted).]

"Therefore, when it is clear that the Legislature intended to have the clauses read in the conjunctive, the word 'and' can be substituted for the disjunctive 'or.' " *Id*. (citations omitted).

To illustrate, in *People v Allen*, 507 Mich 597, 608 n 16; 968 NW2d 532 (2021), our Supreme Court interpreted MCL 791.239, which provides that a parole officer "may arrest without a warrant and detain in any jail of this state" a parole violator. The Court explained that MCL 791.239 does not require "both a warrantless arrest and a detention" because other statutes contemplate "detention irrespective of the issuance of a warrant." *Allen*, 507 Mich at 608 n 16. In other words, the Court interpreted the word "and" in MCL 791.239 to authorize arresting without a warrant *or* detention in any jail of this state, given the context provided by other statutes. See *id*.

We agree with the trial court that the language, "[a]ny dispute, controversy or claim between the Associate and the Employer concerning questions of fact arising under this Agreement *and* concerning issues related to wrongful termination . . . shall be submitted . . . to the American Arbitration Association," means that arbitration is required for cases that involve both questions of fact arising under the Agreement and issues related to wrongful termination. The general rule is that the word "and" is used to "join[] a conjunctive list to combine items." *People v Bylsma*, 315 Mich App 363, 383; 889 NW2d 729 (2016) (quotation marks and citation omitted).[6] Applying that general rule here, the word "and" in the arbitration clause combines the item "questions of fact arising under this Agreement" with the item "concerning issues related to wrongful termination," such that both items must be present to require arbitration.

Further, there are no other provisions in the Agreement that add context to the arbitration clause, such that the word "and" should be interpreted as the word "or." Thus, this case is fundamentally distinguishable from the *Allen* case discussed above, in which our Supreme Court explained that other provisions provided context to the statute in question indicating that the word "and" should be interpreted as the word "or."[7]

To avoid the general rule regarding the word "and," defendants offer five distinct arguments. First, defendants argue that such an interpretation would mean that an exceedingly limited set of controversies—those involving both disputes under the Agreement and wrongful termination—would be subject to arbitration. Defendants observe that it would be peculiar to

---

[6] For example, with the Eighth Amendment phrase "cruel and unusual" punishment, the "and" signals that cruelty or unusualness alone is not violative of the clause. The punishment must meet both standards to be constitutionally prohibited. See *Harmelin v Mich*, 501 US 957, 967; 111 S Ct 2680; 115 L Ed 2d 836 (1991) (opinion by Scalia, J.).

[7] As another example, in *Barr v Atlantic Coast Pipeline, LLC*, 295 Va 522; 815 SE2d 783 (2018), the Virginia Supreme Court concluded that the word "and" in a particular statute is disjunctive because "reading this language in the conjunctive would render certain portions of the statute meaningless." *Id*. at 534. In this case, in contrast, there is no language in the arbitration clause or elsewhere in the Agreement that would be meaningless if the word "and" is conjunctive.

include such a limited arbitration clause in the Agreement. Second, defendants argue that the arbitration clause begins with the word "any," which is a broad word that suggests a list of alternatives. Third, defendants argue that accepting plaintiff's position would rewrite the arbitration clause as follows: "**Only** those disputes, controversies or claims between the Associate and the Employer that concern **both** questions of fact arising under this Agreement and issues related to wrongful termination . . . ." (Emphasis in original.) Fourth, defendants argue that the general policy in favor of arbitration requires resolving this dispute in favor of arbitration. Fifth, defendants argue that *Dessart v Burak*, 470 Mich 37; 678 NW2d 615 (2004), supports their argument that the word "and" means the word "or" in this context. None of these arguments have merit.

As to the first argument, we certainly acknowledge that such a limited arbitration clause is unusual and that the prototypical arbitration clause is far broader. However, in the context of the parties' "Association Agreement," interpreting the arbitration clause in such a limited manner does not appear to be so egregious or peculiar that it would warrant ignoring the plain meaning of the word "and." Moreover, the arbitration clause is not as limited as defendants suggest. Within the arbitration clause of the Agreement, in a non-exhaustive list of potential grievances, it specifically defines the term "wrongful termination" as including discrimination as to "a matter directly or indirectly related to employment." Consequently, an alleged discriminatory practice about the number of vacation days would qualify as a "wrongful termination" issue subject to arbitration. In addition, Section IV of the Agreement provides that "Employer may terminate this Agreement immediately . . . [i]f Associate shall engage in personal misconduct, or a breach of this contract of such a serious nature as to render his continued presence in the practice personally or professionally detrimental to Employer." Thus, if a dispute arises as to whether the Employer (plaintiff) had justification to immediately terminate the Associate (defendant Godzina) under Section IV, that dispute would be subject to arbitration—notwithstanding that termination in such an instance would not be a classic "civil rights" issue.

With regard to the second argument, the word "[a]ny" precedes the list "dispute, controversy or claim." It applies to the list of terms in that provision of the Agreement. It is not a straightforward reading of the arbitration clause to apply the word "[a]ny" to modify the word "and" between the term "questions of fact arising under this Agreement" and the term "concerning issues related to wrongful discrimination."

As to the third argument, it is true that including the word "both" in the arbitration clause would have more clearly established that arbitration is required for both "questions of fact arising under this Agreement" and "issues related to wrongful discrimination." But by the same measure, including the word "or" in the arbitration clause instead of the word "and" would have more clearly established that arbitration is required for either one of the two specifically listed instances. Thus, the fact that the arbitration clause is not as clear as it could be does not compel an outcome in defendants' favor.

With regard to the fourth argument, "Michigan's public policy favors arbitration." *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021). "But this general position favoring arbitration does not go so far as to override foundational principles of contractual interpretation."

*Id*. Consequently, it would be unwarranted to change the meaning of the word "and" to the word "or" in this case simply on the basis of public policy.[8]

Finally, as to the fifth argument, in *Dessart*, our Supreme Court interpreted the language of a court rule referring to "assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation." *Dessart*, 470 Mich at 39. The Court concluded that "the phrase 'assessable costs and interest' is to be thought of as a single term, and, as a unit, is modified by 'from the filing of the complaint to the date of the case evaluation.' " *Id*. at 42-43. *Dessart* is a case about the last-antecedent rule and is irrelevant to the instant case.[9]

## IV. CONCLUSION

The trial court correctly concluded that the instant matter is not subject to arbitration under the arbitration clause of the Agreement. We affirm. Having prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates

---

[8] Relatedly, defendants cite a handful of cases from this Court indicating that arbitration is required whenever the dispute "arguably" is within the terms of the arbitration clause. See, e.g., *Detroit Auto Inter-Ins Ex v Reck*, 90 Mich App 286, 290; 282 NW2d 292 (1979). However, our Supreme Court recently clarified that the "arguably" arbitration principle only applies within "the context of collective bargaining agreements." *Lichon*, 507 Mich at 438. This case does not involve a collective bargaining agreement.

[9] The last-antecedent syntactic canon states that " '[a] pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent.' " *United States v Nishiie*, 421 F Supp 3d 958, 966 (D Hawaii, 2019), quoting Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 144 (Thomson/West 2012).